## MATTHEW MOORE v. D. I. WOODWARD.

*Claim and Delivery—Chattel Mortgage—Defence of Usury.*

In an action of claim and delivery for certain property conveyed by chattel mortgage, the defendant can set up the defence of usury under the act of 1876–7 (ch. 91) upon the allegation that the sole consideration of the bond secured by the mortgage was usurious interest, which had accrued upon certain other bonds executed by. defendant to plaintiff.

(*Shober* v. *Hauser*, 4 Dev. & Bat., 91, cited and approved.)

Civil Action tried at January Special Term, 1880, of Duplin Superior Court, before *Gilmer, J.*

The defendant appealed from the ruling of the court below.

*Messrs. W. A. Allen & Son*, for plaintiff.
*Mr. J. L. Stewart*, for defendant.

Dillard, J. This action is claim and delivery for personal property conveyed by a chattel mortgage to secure a bond for two hundred and fifty-four dollars, bearing date the 9th day of March, 1878, and containing a power of sale after the first day of November next after.

The defendant makes two defences to the action : In the first he alleges that in 1875, being truly indebted to plaintiff in $578, he executed to him two bonds, one for $450 and the other for $371.44, interest being estimated and included therein at the rate of thirty-six per centum per annum, and that after paying usurious interest at the same rate at divers times, he at length executed to plaintiff the note, for the security of which the property sued for was mortgaged, and he avers that the entire consideration of said note is interest on said bonds executed in 1875, at the usurious rate afore-

said, and that by reason thereof the note is void in law, and so likewise the mortgage executed for its security.

In the second defence, defendant alleges the payment of $250 by way of usurious interest on said two large notes within two years next before the commencement of this action, and upon the footing of that payment he demands judgment for $500, twice the sum so paid for interest, and that the same may be allowed him as a counterclaim.

On the trial the plaintiff having made a *prima facie* case, by introducing the mortgage conveying the articles described in the complaint, and the note for $254 thereby secured, the defendant proposed to show that the consideration of the note was entirely for usurious interest on the said antecedent indebtedness alleged in his answer, and tendered evidence to prove the fact, but His Honor excluded the offered proof, being of opinion, as stated in the case of appeal, that the same was inadmissible in the present action, and thereupon verdict and judgment were entered for the plaintiff, from which defendant appealed, presenting for our consideration only the alleged error of the rejection of his said evidence.

Any and every contract, whether sealed or not, may be held null and void on plea of the party sued thereon, for illegal consideration at common law, or as being expressly or impliedly forbidden by statute law. Chitty on Contracts, 570, and *Collins* v. *Blanton,* 1 Smith's Leading Cases, 155. And to make a contract void by statute, it is not indispensable that it be expressly forbidden, or in so many words declared to be void, but it will be held to be void if it contravene the directions of the statute, or be opposed to the general policy or intent thereof. Chitty, *supra* 599.

By our former statute, as contained in the Revised Code, ch. 114, the taint of usury made the contract void both as to principal and interest into whosoever hands it might come, and so likewise any appearance, shift or device where-

upon or whereby an illegal rate of interest was received or taken was declared to be void. By the act of 1876–'77, ch. 91, under which the transaction between the parties took place, six per cent. is fixed as the legal rate of interest, with the liberty by special contract to stipulate for so high a rate as eight per cent., and in case more than the rate allowed be taken, received, reserved or charged, the contract is not invalidated as to the principal, but the entire interest carried by the note or other evidence of debt, or otherwise agreed to be paid thereon, is forfeited; and in case such greater rate has been paid, a remedy is given to the party paying the same to recover by action of debt twice the amount of interest paid.

Both of the statutes were enacted in restraint of excessive interest from the same general policy, and especially on the idea of protecting the borrower against the oppression of the lender, the chief difference being, that a violation under the old statute invalidated the contract, working a forfeiture of the sum lent as well as of the interest, whereas the present law leaves the contract valid for the principal but makes the interest forfeitable.

The forfeiture of the entire unpaid interest and recovery back of twice the interest paid is in the nature of a penalty intended to induce an observance of the statute, and it is the duty of the courts so to expound and apply the law as to carry out the legislative intent.

In this case, supposing the matters alleged in the answer to be true, the bond put in evidence by plaintiff and the mortgage for its security, have for their consideration interest estimated on the two previous bonds of $450 and $371.44 at a rate beyond that allowed by the statute, and therein they both, though not expressly forbidden or declared void, are contrary to the policy and intent of the act of 1876–'77.

There can be no question that if the interest, claimed to be secured by the bond and mortgage put in evidence by

the plaintiff, was sought to be recovered by an action on the two previous bonds of defendant, the same would be held forfeited on plea of the defendant by the express provision of the statute, and the device of taking a distinct bond for the interest and a mortgage for its security ought not to take the case out of the operation of the act, whether the action be on the bond to recover the money or claim and delivery to get the property mortgaged, so as to sell it and in that way raise the money. If the act for forfeiture of the interest can be evaded by the contrivance of a distinct bond therefor, and a mortgage to secure the same, so that in a suit to get possession of the property conveyed for its payment the violation of the act cannot bar the recovery, then the act answers no purpose, and it had as well never been passed.

In *Shober* v. *Hauser*, 4 D. & B., 91, under our former statute against usury, it was held that not only the original usurious contract was void, but also a deed in trust or any other assurance given for the security thereof was under the same condemnation, and void. So under our present statute, while the contract is valid as to the principal, a stipulation for usurious interest secured by a separate bond and a mortgage therefor ought, as between the parties at least, on plea of the illegality, to bar the direct collection of the same by an action therefor, and also its indirect collection through a recovery and sale of the chattels mortgaged for its payment, on the ground of such distinct securities being executed in contravention of the act and subversion of its policy and purpose.

We think the matter of usurious interest if true as alleged was a good bar to an action on the bond, and equally so to an action for claim and delivery of the chattels conveyed for its payment, which are but accessary to the bond as their principal, and that the doctrine that he who asks equity must do equity is not in the way. Here, the bond

introduced in evidence was no part of the principal money, but wholly for the interest above the legal rate, and the mortgage was for its separate security ; and this being so, the plaintiff has no equity as to this, his case being that of a transaction entered into entirely on illegal consideration and contrary to the policy and intent of the act. If the bond and mortgage were for principal in part and usurious interest included or agreed to be paid in part, the obligation to do equity might prevent the total avoidance and bar of the action as between the parties, which point we do not decide, but they are both wholly for illegal interest if the allegations of the answer be true; and if so, then the sentence of the law is that they are void.

The conclusion is, that it was error to refuse the proof offered by defendant tending to show the invalidity of the chattel mortgage, under which plaintiff claimed to recover, and for this cause the judgment of the court below must be reversed and a new trial had. Upon the other defence of counter-claim the case of appeal presents no ruling by the court below, and therefore we forbear to consider of it at all at present.

Let this be certified that a new trial may be had.

Error. *Venire de novo.*