ROBERT KORNEGAY v. J. F. KORNEGAY.

*Conditional Sale—Trial—Issues—Judgment.*

1. A conditional sale of personal property is valid *inter partes*, notwithstanding it is not registered as prescribed by *The Code,* § 1275.

2. In an action to recover the possession of a horse, the defendant alleged that he had purchased it from plaintiff, who had warranted its soundness, of which warranty there had been a breach, for which he set up a counter-claim; upon issues submitted, the jury found that the plaintiff was not the owner; that the defendant owed him $45 balance of purchase-money; that plaintiff warranted the soundness of the horse; that it was not sound, and the defendant was entitled to recover $22.50 damages on account thereof: *Held,* (1) that it was error in the Court to disregard the finding upon the issue in respect to the ownership, and render judgment for the plaintiff thereon, such finding not being necessarily inconsistent with the others; (2) that it being uncertain, from the other issues, whether the amount awarded defendant was in excess or diminution of the amount found due on the purchase-money, the verdict should be set aside and a new trial granted.

The complaint alleges, in substance, that the plaintiff is the owner of the horse described therein and entitled to have possession thereof; that the defendant has possession of the

horse and refuses to surrender the same, etc. The defendant denies the material allegations of the complaint, and alleges, that the plaintiff sold him the horse for ninety-five dollars; that he paid fifty dollars of this price and gave the plaintiff his note for the balance, forty-five dollars, to be due on the first day of November, 1888; that the plaintiff warranted the horse to be sound, whereas he was unsound, and he was greatly endamaged by such unsoundness; therefore he alleges his *counter-claim* for damages, etc., etc.

The reply puts in issue the allegation of the answer.

The Court submitted to the jury the following issues, to which they responded as indicated at the end of each:

1. Is the plaintiff the owner of the property in controversy? No.

2. What, if anything, does the defendant owe the plaintiff? Forty-five dollars, and interest.

3. Did plaintiff represent that the mare in controversy was sound? Yes.

4. Was said representation false, and was it relied upon as a material inducement to the trade? Yes.

5. What damage, if any, is defendant entitled to recover? Twenty-two dollars and fifty cents.

On the trial, the plaintiff put in evidence a note, whereof the following is a copy:

"MT. OLIVE, N. C., February 18th, 1888.

On the first day of November, 1888, I promise to pay Robert Kornegay, or order, the sum of forty-five dollars, for value received, balance due on horse, said horse to remain R. Kornegay's property until this note is paid.

Witness my hand and seal.

J. F. KORNEGAY." [Seal.]

Said note had not been registered, and the defendant objected to the introduction of the same on the ground that

it had not been registered.   Objection overruled and note admitted, and defendant excepted.

:   Upon the return of the verdict by the jury as above set out, defendant moved to set the same aside as inconsistent in the findings.   Motion refused and defendant excepted.   The defendant then moved for judgment, adjudging him to be the owner of the mare in controversy.   The Court refused to give such judgment, and defendant excepted.   The defendant then asked the Court to allow him costs, insisting that the question of costs was in the discretion of the Court.   The Court stated that it was disposed to allow defendant costs if it had the power, but that it had not such power, and, thereupon, gave the judgment set out in the record, and defendant excepted.   Defendant excepted to the said judgment, for that it adjudged that said mare be sold, and that she was the property of the plaintiff, and for that it awarded costs against the defendant, and appealed.

*Mr. W. R. Allen,* for plaintiff.
*Mr. W. C. Munroe,* for defendant.

MERRIMON, C. J.—having stated the case as above, proceeded:   The purpose of the statute (*The Code,* § 1275), requiring all conditional sales of personal property to be reduced to writing and registered, is to protect creditors and purchasers for value.   It is no part of its purpose to render such sales, whether in writing or not, invalid as between the parties to it.   As between them, such sale has the same qualities and is just as effectual as it would have been, and may be proven by the like evidence as before the statute was enacted, and the parties may have the like remedies against each other.   *Brem* v. *Lockhart,* 93 N. C., 191; *Empire Drill Co.* v. *Allison,* 94 N. C., 548; *Butts* v. *Screws,* 95 N. C., 215.   This controversy is between the first parties to the conditional sale in question, and, hence, the Court properly allowed the note

KORNEGAY *v.* KORNEGAY.

for part of the price of the horse to be put in evidence, although it had not been registered.

The plaintiff alleged, in his complaint, that he had title to the horse in question. This, the defendant broadly denied, and thus the first issue submitted to the jury, a very material one, was raised by the pleadings. The jury found, by their verdict, that the plaintiff was not the owner. Nevertheless, " the Court being of opinion that the first of said issues is a general finding, controlled by the findings upon the other issues, and may be treated as surplusage, * * * adjudged that the plaintiff is the owner of said horse and entitled to retain the possession thereof," etc. We are unable to see upon what ground the Court treated the finding of the jury upon the first issue as immaterial, or how this finding was rendered so by the other findings of the jury. The latter may have been proper, but they were not necessarily inconsistent with the first one. The plaintiff may not have been the owner of the horse, and the defendant may have owed him for the same forty-five dollars. The plaintiff may have falsely represented to the defendant that the horse was "sound," the defendant may have relied upon such representation and been endamaged as a consequence; and yet, the plaintiff might not be the owner of the horse. There are no special findings of fact inconsistent with the general verdict. The findings may all be true, certainly they are not necessarily inconsistent. The finding in response to the first issue was very material, and if it was unwarranted by the evidence, the Court should have set the verdict aside and directed a new trial. In view of the verdict, the Court erred in adjudging that the plaintiff was the owner of the horse, and that the same be sold by a commissioner.

The findings of the jury, in response to the second and fifth issues, are not sufficiently intelligible; they leave the matter to which they refer too vague and uncertain to warrant a judgment based upon them. It cannot be determined,

with reasonable certainty whether the jury simply meant to find that the defendant owes the plaintiff $45 with interest, and that the damages allowed the defendant shall be subtracted from that sum, or whether the damages so allowed shall be recovered by the defendant, and the plaintiff shall recover nothing. It may be, the jury meant to find that the defendant was endamaged $45 with interest, and, in addition $22.50. · It is so contended. It is contended as earnestly otherwise. In such a state of uncertainty, the verdict must be treated as void, and a new trial directed to be had. We do not intend to be understood as condemning the practice of submitting issues for the purpose of ascertaining damages in favor of the defendant in cases where he pleads a counterclaim.

Error.