## S. L. KIGER v. E. T. HARMON.

*Chattel Mortgage—Payment by Installments—Foreclosure—
Claim and Delivery—Jurisdiction—Practice.*

1. Where a note, secured by chattel mortgage, is payable by installments, and some, though not all, of the installments are due, an action for the possession of the property and for judgment on the installments due is not premature, since the mortgagee is entitled to have the possession of the property to be applied on the overdue installments.

2. When it is not alleged and shown that the value of the property sought to be recovered in an action of claim and delivery is worth "not more than $50," the Superior Court alone has jurisdiction, as it would have had it concurrently with a Justice of the Peace if of less value than $50.

3. Where property, the subject of a chattel mortgage, has been replevied in claim and delivery proceedings, and has been wasted, its value, unless admitted to be equal to the amount due under the mortgage, is the subject of inquiry before the jury.

4. A demand for judgment for the possession of mortgaged property is properly joined with a demand for judgment for the debt secured thereby.

Action of claim and delivery to recover certain personal property mortgaged to plaintiff by defendant, heard at May Term, 1893, of FORSYTH Superior Court, before *Boykin, J.*

The plaintiff, in deference to the opinion of his Honor that the action was premature, submitted to a nonsuit and appealed.

The facts necessary to an understanding of the decision of the Court are sufficiently adverted to in the opinion of Associate Justice CLARK.

*Mr. E. B. Jones,* for plaintiff (appellant).
No counsel, *contra.*

CLARK, J.: Though the note sued on purports to be due one day after date, the mortgage and contemporaneous agreement contains a stipulation that it shall be paid in installments of ten dollars per month. Upon the trial the plaintiff was permitted, without objection, to amend so as to allege and prove that the agreement was to pay ten dollars per *week*. The note and mortgage must be construed together and as making one contract. With the amendment allowed (if the jury should find there was such a mistake as to justify correcting the mortgage) the weekly installments of ten dollars, beginning July 1, 1892, when the first weekly installment was to have been paid, down to October 7, 1892, when this suit was instituted, would have amounted to $150. The third section of the complaint admits that $130 had been paid within that time. According to the complaint there would have been, therefore, a balance due on the installments of $20 when suit was brought. The Court erred, therefore, in holding that the action was premature. The plaintiff had a right under the mortgage to claim possession of the property to be applied on the installments due. It not being alleged and shown that the property was worth "not more than $50," the Superior Court alone had jurisdiction, as it would have had it concurrently with a Justice of the Peace if of less value than $50. *Noville* v. *Dew*, 94 N. C., 43; *The Code*, § 887.

It will be noted that there was no agreement here that upon failure to pay one installment all the installments should become due and payable, as in *Capehart* v. *Dettrick*, 91 N. C., 344; *Kitchin* v. *Grandy*, 101 N. C., 86; *Whitehead* v. *Morrill*, 108 N. C., 65. The verified complaint not having been answered, the plaintiff was entitled to judgment for balance due on installments up to issuance of the writ, and for possession of property that it might be sold (or so much as was necessary) to be applied on the judgment then obtained. *Moore* v. *Woodward*, 83 N. C., 531. But as it was alleged that

the property had been wasted since the bond in claim and delivery had been given, the value of the same, unless admitted to be as much as $20, is the subject of inquiry before a jury. *Rogers* v. *Moore*, 86 N. C., 85. The demand for possession of property and for judgment for the debt secured thereon is properly joined. Clark's Code (2d Ed.), pages 210–214, and cases cited. Even if this had been a misjoinder, the objection was waived if not taken by demurrer or answer. *Finley* v. *Hayes*, 81 N. C., 368; *Burns* v. *Ashworth*, 72 N. C., 496; *McMillan* v. *Edwards*, 75 N. C., 81.

Error.