Argued October 13, affirmed December 12, 1922.

## BURKITT *v.* VAIL.

(210 Pac. 861.)

**Usury—A Defense Only on Contract Stipulating for Usurious Rate, and not in Replevin for Possession of Mortgaged Chattels.**

1. In an action by mortgagee under Section 10183, Or. L., for the recovery of possession of mortgaged chattels, the defense that the note involved was usurious under Section 7988, subdivision 5, is not available, since, under Section 7990, the debtor is not in any event relieved from paying the debt, either to plaintiff or the state, and is therefore not entitled to the possession of chattels given as collateral security for the payment of the debt.

**Usury—Payment Under Usurious Contract Sufficient to Discharge Real Debt Discharges Chattel Mortgage Securing.**

2. Where it is shown enough money has been paid, either as usurious interest or otherwise, to discharge the real debt under a

---

1. When usury is available as a cause of action or defense, see note in 55 Am. Dec. 392.

Right to show usury under general denial in replevin, see note in 20 Ann. Cas. 301.

usurious contract, it is a good defense in an action of replevin brought by the chattel mortgagee, for possession of mortgaged property.

**Usury—Allegations Held Insufficient to Show Usury.**

3.   Allegations that defendant gave plaintiff a note for $260 and received therefor $234 cash, and agreed to pay 8 per cent interest on deferred installments, *held* an insufficient allegation to show usury, since the $26 retained by plaintiff might well be construed as interest in advance for the first year at 10 per cent, a legal rate, and the clause for 8 per cent interest on deferred installments might be contrued as not beginning to run prior to the maturity of those installments, or until after the expiration of the first year.

From Multnomah: W. N. GATENS, Judge.

Department 2.

'AFFIRMED.

For appellant there was a brief and oral argument by *Mr. Elmer E. Pettingell.*

For respondent there was a brief and oral argument by *Mr. Ralph A. Coan.*

BURNETT, C. J.—The plaintiff brought replevin for a Ford touring car, claiming that he was entitled to possession of it by virtue of the fact that he held a chattel mortgage upon it given to him by the defendant, which was overdue; and that the defendant had delivered possession thereof to plaintiff but without the consent of plaintiff had taken the car into his own possession and still retains it, to the plaintiff's damage.

The answer traverses the complaint in material particulars and for separate defense alleges the following:

"That on or about the 26th day of May, 1920, defendant executed and delivered to plaintiff an installment promissory note for the sum of $260; that to secure the payment of said note, defendant gave plaintiff a chattel mortgage on certain personal property, to wit: a certain 1919 Ford Touring Car, Motor

No. 247344, Oregon License No. 81049 for the year 1920; that said mortgage is the chattel mortgage mentioned in plaintiff's complaint; that said note and mortgage *was* given by defendant to plaintiff in consideration of the loan of $234 made to defendant by plaintiff on the corrupt and unlawful agreement between them that plaintiff should reserve and secure to himself, and defendant would pay to him, for the use of said sum, a rate of interest in excess of the rate permitted by law, to wit: it was agreed that plaintiff reserve and secure to himself, and defendant pay to him, for the use of said sum, 10 per cent of the sum of $260, amounting to the sum of $26 and leaving a balance of $234, which was the actual sum loaned to defendant by plaintiff and in addition thereto defendant agreed to pay plaintiff interest at the rate of eight per cent per annum on the deferred installments of said note * * ."

The court sustained the plaintiff's general demurrer to this new matter. Upon the remaining issues the cause was tried before the court without a jury, and judgment was rendered for the plaintiff according to the prayer of his complaint, for the possession of the property or, if possession could not be delivered, for the value of the automobile in the sum of $325 with $100 damages. The defendant appealed, assigning as error the ruling of the court upon the demurrer to the answer, and the failure of the court to render a judgment forfeiting to the school fund the amount due from the defendant to the plaintiff.

Interest at the rate of 10 per cent per annum is lawful in this state: Or. L., § 7988, subd. 5. Bearing in mind that this is an action of replevin and not one to recover the amount of the note, we advert to Section 7990, Or. L., reading thus in part:

"If it shall be ascertained in any suit brought on any contract that a rate of interest has been con-

tracted for greater than is authorized by this chapter, either directly or indirectly, * * the same shall be deemed usurious, and shall work a forfeiture of the entire debt so contracted to the school fund of the county where such suit is brought. The court in which such suit is prosecuted shall render judgment for the amount of the original sum loaned or the debt contracted, without interest, against the defendant and in favor of the State of Oregon, for the use of the common school fund of said county, and against the plaintiff for the costs of suit, whether such suit be contested or not.''

1. It would thus appear that the question of usury cannot be raised except in litigation upon the contract stipulating for a usurious rate of interest. In this action the plaintiff is not attempting to enforce payment of the note mentioned, but relies upon Section 10183, Or. L., providing that a mortgagee may recover possession of the mortgaged chattels whenever the condition of the mortgage shall be broken. Our statutes against usury do not relieve the borrower from his obligation to pay the principal sum of the debt. He owes the debt, and that, too, to the lender. He is compelled to pay it, but in a proper case the court while compelling the debtor to pay will penalize the creditor by forfeiting the principal of his loan to the state. That question, however, is not involved in the protection of collateral given for the payment of the selfsame debt, which must be paid in any event without reference to whom payment is to be made.

2. Of course, if it can be shown, as in *Nunn* v. *Bird,* 36 Or. 515, 521 (56 Pac. 808), that enough money has been paid either as usurious interest or otherwise, to discharge the real debt, that would defeat the action of replevin brought by the chattel mortgagee, because without a debt the mortgage would

have no legal existence. In other words, in such a case the debt, the foundation of the mortgage, has been utterly destroyed, working out also the destruction of the mortgage under which the plaintiff seeks to recover the property. There is no pretense here that enough has been paid to discharge the actual debt. The case of *Moore* v. *Woodward,* 83 N. C. 534, cited by the defendant, was decided under a statute of that state which made absolutely void for usury any note tainted thereby, into whosesoever hands it came. The note there in question was for an amount composed of unpaid usurious interest on another note. That statute differs from ours, in that the transaction is made utterly void, while the law of this state does not destroy the debt but derects its payment to the school fund.

3. Still further, reviewing the new matter in the answer, it appears that the note in question was for the principal sum of $260, and that 10 per cent thereof, or $26, was deducted as interest for one year. It is competent thus to pay interest in advance without incurring the penalty of usury: 27 R. C. L. 225; 39 Cyc. 948. It is said also that the agreement between the parties was that the defendant should pay 8 per cent per annum on the deferred installments of the note. Whether that interest was to be computed from the date of the note or from the maturity of the installments does not appear. For all that the new matter in the answer discloses, the interest of 10 per cent on $260 for one year was paid in advance, as well it might be, and the interest on deferred payments did not commence to run until the maturity of those payments at some time after one year from the date of the note. *Brayton & Lawbaugh* v. *Monarch Lum-*

*ber Co.,* 87 Or. 365 (169 Pac. 528, 170 Pac. 717), may be read with profit in connection with this case.

In brief, the question of usury cannot be directly raised except in a suit on the contract for the payment of the money or, in this instance, upon the note. It is not applicable in defense of an action to protect the collateral security of the note by reducing to possession the mortgaged chattel after condition broken. Further, by a proper construction of the new matter in the answer, nothing more appears than that the interest for one year at the legal rate of 10 per cent was collected in advance and that possibly the interest on deferred installments at 8 per cent did not begin to run prior to the maturity of those installments.

There is no error apparent in the record, and the judgment is affirmed.            AFFIRMED.

BEAN, BROWN and McCOURT, JJ., concur.