ANDREWS MUSIC STORE, Inc., v. C. H. BOONE AND C. S. THOMPSON.

(Filed 8 May, 1929.)

1. **Parties B a—Joinder of purchaser under conditional sales contract and his vendee not misjoinder.**

    In an action against the vendee under a conditional sales contract the joinder of one claiming title as purchaser for value from the vendee is not objectionable, the subject of the action being the same, and the claimant in possession being a necessary party to the action. C. S., 456, 507.

2. **Sales I b—Unregistered conditional sales contract is valid as to all but creditors and purchasers for value.**

    An unregistered conditional sales contract is valid as against all persons except creditors and purchasers for value, and upon conflicting evidence as to whether one defendant was a purchaser for value from the vendee under the conditional sales contract, the issue is properly submitted to the jury, and a motion as of nonsuit is properly denied. C. S., 3311.

APPEAL by defendant, C. H. Boone, from *Stack, J.,* at February Term, 1929, of MECKLENBURG. No error.

· Action to recover of defendant, C. S. Thompson, the balance due on the purchase price of a piano sold and delivered by plaintiff to said defendant under a conditional sales contract, and also to recover of said defendant and of the defendant, C. H. Boone, possession of said piano.

The conditional sales contract by which plaintiff retained title to the said piano until the purchase price was paid was reduced to writing and signed by the defendant, C. S. Thompson; it has not, however, been registered.

Defendant, C. S. Thompson, filed no answer or other pleading; judgment by default final was rendered against him. He has not appealed from the judgment.

Defendant, C. H. Boone, admitted that the piano was in his possession. He alleged that he had acquired title to the piano, as a purchaser for value, from his codefendant, C. S. Thompson, and that, therefore, the unregistered conditional sales contract, under which plaintiff claims title to the piano, is not valid as against him.

Issues determinative of the right of plaintiff to recover of the defendant, C. H. Boone, possession of the piano were submitted to the jury and answered as follows:

1. Is the plaintiff the owner and entitled to the possession of the piano sued for in this action? Answer: Yes.

2. If so, what was the reasonable market value of the piano at the time it was seized and replevied by the defendant? Answer: $200.

3. What is the reasonable market value of the piano at this time? Answer: $200.

From judgment on the verdict, defendant, C. H. Boone, appealed to the Supreme Court.

*Tillet, Tillet & Kennedy and Frank Grainger Pierce for plaintiff.*
*John Newitt for defendant.*

CONNOR, J. There was no error in the refusal by the trial court of defendant's motion for a separate trial of plaintiff's action against him. This motion was founded upon defendant's contention that there is a misjoinder of parties defendant and of causes of action in the complaint in this action. This contention was first presented by defendant's demurrer to the complaint, which was overruled. Defendant has not set out in his brief filed in this Court his exception to the refusal of the Court to sustain his demurrer. He has, therefore, abandoned this exception. Rule 28. There was no trial of plaintiff's action against the defendant, C. S. Thompson. He filed no answer or other pleading,

and there was a judgment against him by default final. The action was tried only on the issues raised by the answer of the defendant, C. H. Boone. Notwithstanding the refusal of defendant's motion for a separate trial, there was in fact a separate trial of the action as to the defendant, C. H. Boone.

However, there is no misjoinder of parties defendant or of causes of action in the complaint in this action. It has been held by this Court that a demand for possession of property and for judgment on the debt secured by a lien or mortgage on the property may be joined in one action. *Kiger v. Harmon,* 113 N. C., 406, 18 S. E., 515. Both causes of action grow out of and are founded upon the same transaction. C. S., 507. Whereas in the instant case, it is alleged that the property which is subject to a lien, or which has been conveyed by mortgage to secure a debt, is in the wrongful possession of a person other than the debtor or mortgagor, such person is a proper party defendant in an action by the creditor whose debt is thus secured against the debtor or mortgagor to recover judgment on the debt, and also to recover possession of the property for purposes of foreclosure. Where such person has or claims an interest in the property adverse to the plaintiff, he is a necessary party to a complete determination of the questions involved, affecting plaintiff's right to the possession of the property. C. S., 456. In the instant case, the defendant, C. H. Boone, claims title to the piano adverse to the plaintiff, and contends that by reason of such title his possession of the piano is lawful as against both the defendant, C. S. Thompson, and the plaintiff. Said defendant is both a proper and a necessary party defendant in this action.

Nor was there error in the refusal of the trial court to allow defendant's motion at the close of all the evidence for judgment as of nonsuit. It is true that the conditional sales contract under which plaintiff claims title to and right to the possession of the piano as against both defendants was not registered. Notwithstanding this fact, plaintiff is entitled to recover possession of the piano from the defendant, C. S. Thompson, for it is well settled by many decisions of this Court that the contract, although not registered, is valid as between the parties. *Kornegay v. Kornegay,* 109 N. C., 191, 13 S. E., 770. The unregistered conditional sales contract is valid as against all persons except creditors and purchasers for value from C. S. Thompson. C. S., 3311. *Harris v. R. R.,* 190 N. C., 480, 130 S. E., 319. On the trial of this action there was conflicting evidence as to whether the defendant, C. H. Boone, was a purchaser for value from his codefendant, C. S. Thompson. This evidence was properly submitted to the jury. Plaintiff in an action to recover possession of personal property, under an unregistered chattel mortgage or conditional sales contract, is entitled to recover not only

of the mortgagor or bargainor, but also of a defendant in possession of said property, claiming title thereto otherwise than as a creditor or purchaser for value from the mortgagor or bargainor. *Motor Co. v. Jackson,* 184 N. C., 328, 114 S. E., 478.

Assignments of error based upon other exceptions appearing in the case on appeal have been considered. These exceptions are principally to the rulings of the court with respect to the admission or exclusion of evidence, and to instructions of the court in the charge to the jury. They cannot be sustained. The judgment is affirmed.

No error.