E. T. CHANDLER v. JOHN S. CONABEER, TRADING AS CONABEER MOTOR COMPANY.

(Filed 28 May, 1930.)

1. **Appeal and Error J c—Findings of fact by judge of general County Court are binding on appeal when supported by evidence.**

Where the judge of a general County Court finds the facts, and his judgment is affirmed on appeal to the Superior Court, upon appeal to the Supreme Court the findings of fact of the County Court are binding when supported by the evidence, a jury trial not being required.

2. **Chattel Mortgages G b—Fact that chattel mortgage was not registered is immaterial when third person is not purchaser for value.**

Where in order to refinance his automobile the owner induces the plaintiff to use his name in the refinancing papers, and assigns the title to him, and the original owner later executes a mortgage on the car to secure another indebtedness due the plaintiff, and the plaintiff pays the installments under the refinancing mortgage, the original owner being permitted to retain possession of the car and deal with it as his own: *Held*, upon the original owner's delivery of the car to another, in pursuance of a transaction between them, the fact that the mortgage was not registered at the time of the delivery to the third person is immaterial in the absence of evidence that such third person was a purchaser for value from the mortgagor, and the judgment that the mortgagee was the owner of the car and entitled to its immediate possession will be affirmed on appeal.

APPEAL by defendant from *Sink, Special Judge,* at April Term, 1930, of BUNCOMBE. Affirmed.

This is an action to recover of defendant possession of an automobile. The action was tried in the General County Court of Buncombe County, before Weaver, J., without a jury.

From the judgment on the facts found by the judge of the General County Court, defendant appealed to the Superior Court of Buncombe County. On this appeal the judgment was affirmed.

From the judgment of the Superior Court, affirming the judgment of the General County Court, defendant appealed to the Supreme Court.

*Lane, Cathey & McKinney for plaintiff.*
*Lee & Lee for defendant.*

CONNOR, J. At the trial in the General County Court the judge found the following facts:

"1. That on or about 18 December, 1928, one A. T. Dallas, being then the owner of a certain Oakland coupe, described in the pleadings, refinanced the same with Allport Motor Company, and not having suffi-

cient credit himself induced the plaintiff to use his name in refinancing said car, and the original certificate of title from the Revenue Department of the State of North Carolina to Dallas was assigned to the plaintiff on or about 18 December, 1928, and left in the files of the Allport Motor Company with instructions to send to the State Department for the issuance of a new title in the name of the plaintiff, which was finally accomplished on 4 September, 1929.

2. That the said Dallas being indebted to the plaintiff, on or about 18 January, 1929, executed and delivered to the plaintiff a mortgage on said Oakland automobile, securing $864, which mortgage was not recorded until 8 August, 1929.

3. That A. T. Dallas was permitted to continue to use the car and the same continued in his possession until 6 May, 1929.

4. That the plaintiff paid the installments on the refinancing mortgage as they matured.

5. That the plaintiff authorized the said A. T. Dallas to deal with the car as his own, allowing him to sell it if he could, provided plaintiff should be paid all amounts due him.

6. That on or about 6 May, 1929, in pursuance of a transaction negotiated by Dallas and E. O. Mitchell, salesman for the defendant, Conabeer Motor Company, the said Dallas delivered to the defendant the automobile in question stating at the time to defendant's agent that he could not deliver title, but that title would have to be obtained from the plaintiff.

7. That the value of the Oakland automobile at the time of delivery to the defendant was $600, and it is agreed by the parties that the same has not materially deteriorated since.

8. That at the time of the institution of this action the plaintiff had not delivered title to the defendant, and the defendant had not satisfied the debt claimed by Chandler against A. T. Dallas."

Upon the foregoing facts, it was adjudged by the General County Court that the plaintiff, E. T. Chandler, is the owner and entitled to the immediate possession of the Oakland coupe described in the complaint. Defendant excepted to the judgment, and on his appeal to the Superior Court assigned as error the refusal of the court to dismiss the action as upon nonsuit, at the close of all the evidence. On his appeal to this Court defendant contends that there was error in the refusal of the judge of the Superior Court to sustain his assignment of error, and in the judgment affirming the judgment of the General County Court. Neither of these contentions can be sustained.

There was evidence at the trial in the General County Court sufficient to support the findings of fact made by the judge of said court. These findings of fact are, therefore, conclusive for all purposes in this action.

*Colvard v. Dicus Bros., ante,* 270, 151 S. E., 191; *Holmes Electric Co. v. Carolina Power & Light Co.,* 197 N. C., 766, 150 S. E., 621; *Eley v. R. R.,* 165 N. C., 78, 80 S. E., 1064. It appears from these facts that plaintiff is the owner and entitled to the possession of the automobile by virtue of the chattel mortgage executed by A. T. Dallas on 18 January, 1929. *Hinson v. Smith,* 118 N. C., 503, 24 S. E., 541.

The fact that the mortgage was not registered at the date of the delivery of the automobile to the defendant by the mortgagor, in the absence of a finding that the defendant is a purchaser for value, is immaterial. *Music Store v. Boone,* 197 N. C., 174, 148 S. E., 39. There was no evidence at the trial from which the judge could have found that defendant is a purchaser of the automobile for value from the mortgagor, or from one claiming under the mortgagor as a purchaser for value.

There is, therefore, no error in the judgment of the Superior Court affirming the judgment of the General County Court. The judgment is

Affirmed.