FRIENDLY FINANCE CORPORATION v. ROYCE G. QUINN.

(Filed 27 September, 1950.)

**1. Chattel Mortgages and Conditional Sales § 10c: Common Law—**

The common law rule that the title of the mortgagee or the conditional vendor is good as against any person in possession has been altered by statute in this State only to the extent of protecting against an unregistered lien creditors and those purchasers who deraign title from the mortgagor or conditional vendee, and the statute does not extend its protection to purchasers who are strangers to the vendor's title. G.S. 47-20, G.S. 47-23, G.S. 4-1.

**2. Same: Courts § 14—**

Under the rule of comity, the lien of a chattel mortgage or conditional sale executed in another state will be enforced here in accordance with its laws except to the extent to which the common law has been modified by statute in this State.

**3. Chattel Mortgages and Conditional Sales §§ 8b, 10c—**

Where the resident purchaser of an automobile, which is subject to a conditional sale contract executed in another state, fails to show that his

title was acquired directly or by *mesne* conveyances from the conditional vendee, he is not entitled to the protection of our registration statutes, G.S. 47-20, G.S. 47-23, since he has the burden of showing that he is a purchaser within the protection of the statutes, and mere possession alone is insufficient for that purpose.

**4. Same—**

Only a purchaser for value directly or by *mesne* conveyances from the conditional vendee may show, in order to claim protection against the lien of an unregistered conditional sale contract executed in another state, that the property had acquired a *situs* here for the purpose of registration.

**5. Chattel Mortgages and Conditional Sales § 10f—**

The assertion that the vendor in a conditional sale contract executed in another state should not be permitted to assert his lien as against an innocent possessor of the property in this State because the vendor had put his vendee in position to cause loss, *held* feckless when it is not shown that the vendee willingly parted with title to or possession of the automobile.

**6. Same—**

The vendor in a conditional sale contract has no duty to third persons who are strangers to his title to exercise due diligence to protect them from loss occasioned by reason of his lien.

APPEAL by defendant from *Nimocks, J.,* June Term, 1950, WILSON. Affirmed.

Action in claim and delivery to recover the possession of an automobile.

At the trial, counsel for plaintiff and defendant waived trial by jury, stipulated facts they deemed material, and agreed that the court should find such other facts as it might deem essential and render judgment thereon.

It was agreed in substance that on 6 November 1947, John R. Stewart, Jr., a resident of Providence, Rhode Island, purchased from the Baker Auto Company, Inc. of said city and state a Chevrolet Club Convertible Coupe, it being the very automobile involved in this controversy; said purchase was under a conditional sale agreement wherein the title to the car was retained by the seller until the purchase price was paid; that the said automobile company assigned and transferred the conditional sale contract and the indebtedness thereby secured in due course and for value to plaintiff; that on 4 February 1948, on application of W. D. Pridgen of Elm City, N. C., the Department of Motor Vehicles of North Carolina issued a certificate of title for said automobile to said Pridgen; that on 1 March 1948, defendant, acting for Pridgen, sold the automobile to one Stallings of Wilson, N. C., and duly transferred the N. C. certificate of title therefor to him; that on 10 March 1948, the Commissioner of Motor Vehicles issued a certificate of title therefor to said Stallings; that said Stallings retained possession of said automobile, claiming the same

as his own, from 1 March 1948 to 27 January 1949, and the automobile was kept in Wilson and used by him; that on 27 January 1949, Stallings traded said automobile to defendant and assigned to him in blank the N. C. certificate of title therefor issued to Stallings; that at no time has there been any lien recorded in favor of Baker Auto Company or the plaintiff in Wilson County or elsewhere in this State; that the law of the State of Rhode Island does not require the registration of a conditional sale agreement; that said Quinn had been in possession of the automobile since 27 January 1949, and still retains the possession of the same.

On 17 March 1949, this action was instituted and the writ of claim and delivery was issued. The defendant gave replevy bond and retained possession of the automobile. It is agreed that the value thereof at the time of seizure was $1,000. Plaintiff had no knowledge of and did not consent to the removal of the automobile from the State of Rhode Island. Stewart, the conditional vendee, has defaulted on his agreement, never having made any payment thereon. The principal sum of $1031.10 is still due. Defendant at no time until the bringing of this action had any knowledge of the outstanding conditional sale agreement held by the plaintiff.

It was agreed that in the event the court was of the opinion that plaintiff is entitled to the possession of said automobile, it should, in lieu of a judgment of possession, enter judgment in the sum of $1,000 with interest and costs. The court, being of the opinion that under the agreed statement of facts plaintiff has the superior title to the automobile, rendered judgment against the defendant for $1,000, interest and costs as agreed in the stipulation in lieu of a judgment for the possession of the automobile. Defendant excepted and appealed.

*Talmadge L. Narron for plaintiff appellee.*
*Lucas & Rand and Z. Hardy Rose for defendant appellant.*

BARNHILL, J.   At common law a conditional sale contract is valid and effective even as against creditors and *bona fide* purchasers for value from the conditional vendee. Under the reservation of title in the vendor, no assignable title vests in the conditional vendee. 47 A.J. 42, 43, 110. Instead, it vests absolute title in the vendor and he is entitled to recover in replevin or trover from any purchaser from the vendee or other person in possession, *Dunbar v. Rawles,* 28 Ind. 225, and, under the rule of comity recognized by most states, the contract is enforceable in any state in which the property may be found. Anno. Ann. Cas. 1913C 330, 12 L.R.A. 446.

In the absence of a registration statute or other modification of the common law rule, a person is bound at his peril to take notice of the imperfections of his grantor's title. 45 A.J. 506.

However, our Legislature has modified the common law rule in certain particulars. Under G.S. 47-20, an unrecorded mortgage is not valid as against "creditors or purchasers for a valuable consideration from the donor, bargainor, or mortgagor, but from the registration of such . . . mortgage in the county . . . where the donor, bargainor, or mortgagor resides; or in case the donor, bargainor, or mortgagor resides out of the state, then in the county where the said personal estate, or some part of the same, is situated." G.S. 47-23 makes the provisions of this section applicable to conditional sales contracts. Under the provisions of these statutes a conditional sale contract will not be enforced in this State as against a creditor or purchaser for value from the conditional vendee, *non constat* the rule of comity, unless the same is recorded as in said sections provided. *Credit Corp. v. Walters,* 230 N.C. 443, 53 S.E. 2d 520.

In appraising these registration statutes, it must be noted that "registration affects the rights only of purchasers for value from, or creditors of the mortgagor" or conditional vendee. As against them alone, the mortgage or conditional sale agreement is void until registered. *Harris v. R. R.,* 190 N.C. 480, 130 S.E. 319; *Montague Brothers v. Shepherd Co.,* 231 N.C. 551.

Except as thus modified, the common law is still in force in this State, G.S. 4-1; *Scholtens v. Scholtens,* 230 N.C. 149, and in proper cases we observe the rule of comity.

So then, the question here posed for decision is this: Is the unrecorded conditional sale contract in question valid and enforceable in this State as against the defendant under the common law or is it void as against him by reason of the provisions of G.S. 47-20, 23?

The judgment indicates the court below concluded that on the facts agreed the common law rule is controlling. In this conclusion we are constrained to concur. When the common law rule and our modifying statutes are considered together as one complete whole, it is made to appear that the law in this State is this: The conditional vendor in a conditional sale contract (when such contract is properly recorded in the State of its execution, if registration is required by the law of that state. G.S. 44-38.1) possesses a valid title to the property therein described, enforceable in this State without registration as against anyone in possession except "creditors or purchasers for a valuable consideration" from the conditional vendee; that is, the title is valid as against all except those who deraign their title from the conditional vendee. 45 A.J. 509. They alone are the beneficiaries of the statute.

Our statutes protect the title conveyed by the mortgagor, G.S. 47-20, or conditional vendee, G.S. 47-23, as against unrecorded liens and conditional sales contracts. They go no further in the modification of the common law rule. (See, however, G.S. 44-38.1, not applicable here.)

Mere possession without proof that title was acquired, either directly or by *mesne* conveyances, from the mortgagor or conditional vendee is not sufficient to bring a claim within the purview of the language used in the Acts. *Chandler v. Conabeer,* 198 N.C. 757, 153 S.E. 313; *Music Store v. Boone,* 197 N.C. 174, 148 S.E. 39.

The defendant here is relying on the provisions of these statutes. He must show that he comes within their protective provisions. This he has failed to do. On this record it does not appear that Stewart, the conditional vendee, has ever attempted to convey title to the automobile in question. Nor does it appear that he has been or is now a resident of this State.

When the mortgagor or conditional vendee is a nonresident of this State, the *situs* of the property in this State is material when, and only when, the person in possession or claiming title thereto adverse to the conditional sale agreement deraigns title from the mortgagor or conditional vendee. Otherwise the statute is inapplicable. The common law is controlling.

The defendant also seeks to invoke the principle declared in the line of cases represented by *Bank v. Liles,* 197 N.C. 413, 149 S.E. 377. But we are unable to perceive wherein the plaintiff has been guilty of such negligence as would invoke the application of that rule. Certainly it was not so stipulated or found by the court below.

It is not made to appear that Stewart, the conditional vendee, is a resident of this State or that he willingly parted with the title to or possession of the automobile. Even so, defendant asserts that if plaintiff had made diligent inquiry it would have ascertained the facts. Perhaps the same may be said of defendant. In any event, plaintiff owed no duty to third parties, volunteers, or strangers to its title, to exercise due diligence at the peril of forfeiting its rights.

In the final analysis the case presents one of those unfortunate transactions which are liable to happen in our complex commercial life. Both parties apparently have acted in good faith. Perhaps neither was as alert or careful as he might have been. One must lose. Who the victim is must be decided under the law as it now exists. Under the circumstances it is a hardship for either to suffer loss, but the law must prevail.

The judgment below is

Affirmed.