NATIONAL BANK OF ALASKA v. HAROLD W. SPRINKLE AND DEVERE C. LENTZ, JR.

No. 6828SC310

(Filed 18 December 1968)

1. Chattel Mortgages and Conditional Sales § 9—  registration of con-
tract executed in another state — comity

The general rule that comity protects the lien of a chattel mortgage or conditional sales contract duly executed and recorded in another state upon the removal of the property to this State without recording or filing in this State must yield to a local statute such as G.S. 47-20 which requires such a conditional sales contract to be recorded or filed within the State.

2. **Chattel Mortgages and Conditional Sales § 9—  effect of unrecorded contract executed in another state — subsequent creditors**

Where a vehicle subject to a conditional sales contract executed in another state is brought into this State without the security being perfected in accordance with the law of the other state in effect at the time the security interest attached, and there is no showing that the security interest was ever perfected in this State, the conditional sales contract is not valid and enforceable against a subsequent creditor of the vendee who has perfected his lien by taking possession of the vehicle. G.S. 20-58(c).

3. **Chattel Mortgages and Conditional Sales § 9—  contract executed in another state — burden of proof**

The burden of proof is on the person claiming under the lien of a conditional sales contract executed in another state to show that his lien was perfected under the law of such other state.

APPEAL by defendant Lentz from *Thornburg, S.J.*, March 1968 Term Superior Court of BUNCOMBE.

Plaintiff instituted action for recovery of the possession of a 1965 Ford one-half ton pickup truck with camper, alleging that defendant Sprinkle had purchased same from Superior Motors, Inc., of Anchorage, Alaska, on or about 10 May 1965. The complaint further alleged that at the time of purchase, defendant Sprinkle executed and delivered to the vendor "a chattel mortgage or conditional sale agreement" wherein he agreed to pay the balance of $3042.41 in 30 monthly installments, the first installment in the amount of $101.52 due on 10 June 1965 and 29 equal successive monthly installments of $101.41 due thereafter on the 10th of each month until the balance had been paid in full. Prior to the due date of the first of the installments, Superior Motors, Inc., for value, transferred and assigned "said conditional sale agreement" to the plaintiff. Defendant Sprinkle failed to pay the installments due in December 1965, and January, February, and March 1966, and by reason of this default plaintiff declared the outstanding balance immediately due and payable. The complaint alleges that demand has been made for payment or possession and both demands have been refused; that defendant Lentz has possession of the vehicle and refuses to deliver it to plaintiff although "he has been advised of the existence of plaintiff's lien thereon." The action was instituted on 4 April 1966. Defendant Sprinkle was not served with summons and did not answer. Defendant Lentz answered admitting the residence of defendant Sprinkle and defendant Lentz in Buncombe County and admitting his possession of the vehicle and his refusal to deliver it to plaintiff. All other allegations are denied. By further answer defendant Lentz averred that on 10 October 1965 defendant

Sprinkle, with consent of plaintiff, removed the vehicle from Alaska and arrived in North Carolina on 23 October 1965 and that the vehicle has been continuously in Buncombe County since that time. Defendant Sprinkle became indebted to defendant Lentz and on 31 December 1965 executed and delivered to defendant Lentz his note in the amount of $400 secured by chattel mortgage on the 1965 Ford truck. The mortgage was immediately recorded in the Buncombe County Registry. Prior to recording the mortgage, defendant Lentz communicated with plaintiff concerning the indebtedness due him by defendant Sprinkle. Plaintiff has never caused its "chattel mortgage or conditional sales contract" to be recorded in Buncombe County and has never caused the name of the lienholder to be registered with the North Carolina Department of Motor Vehicles "or to be perfected in this State" and defendant's lien and right to possession is superior to plaintiff's. As a second further answer and defense, defendant Lentz averred that the camper unit on the truck was purchased after the execution of the "Retail Installment Contract" and is not included under its terms and conditions. Defendant Lentz demurred to the complaint for that the plaintiff is not the real party in interest. The demurrer was overruled, and defendant Lentz excepted, but this exception is not brought forward in his assignments of error.

Plaintiff and defendant Lentz waived trial by a jury and stipulated that the allegations of the complaint and the averments of the first and second further answer and defense shall constitute the evidence in the case; that the judge might consider said evidence, enter findings of fact and conclusions of law, sign a final judgment and the findings of fact shall have the force and effect of the verdict of a jury. From judgment entered in favor of plaintiff, defendant Lentz appeals, assigning as error each of the court's conclusions of law.

*Lee, Lee & Cogburn for plaintiff appellee.*
*Bruce J. Brown for defendant Lentz appellant.*

MORRIS, J.

Upon the pleadings, which constituted the evidence in the case, the court found facts that defendant Sprinkle purchased a 1965 Ford one-half ton truck with camper from Superior Motors, Inc., on 10 May 1965 in Alaska, then his residence; that he "executed and delivered to Superior Motors, Inc., of Anchorage, Alaska, a conditional sale contract" in the amount of $3042.41, by which he agreed to pay said balance in monthly installments; that the conditional sale contract contained the following language:

"Seller has retained title to, and shall have a lien upon and a security interest in the above described property until all amounts payable by buyer hereunder are fully paid in cash to seller. Buyer agrees to deliver to seller any certificate of title applicable to said property, which certificate shall show seller's interest in said property. Any accessories or equipment placed on the above described property shall be deemed to be a part thereof and a security interest therein shall immediately vest in seller. The term 'property' as used herein shall mean the above described property and all accessories and equipment placed thereon.";

that vendor for value transferred and assigned the conditional sale contract to plaintiff, the contract providing that in such an event, assignee "shall be entitled to all the powers and rights of the seller"; that defendant Sprinkle defaulted and plaintiff declared the entire balance due, demanded payment or possession of the vehicle and was refused; that the 1965 Ford pickup truck has been in North Carolina since 23 October 1965; that prior to 31 December 1965 defendant Sprinkle became indebted to defendant Lentz and, on 31 December 1965, executed his note for $400 secured by a chattel mortgage to defendant Lentz on the vehicle, the subject of this litigation; that defendant Lentz recorded said chattel mortgage in the Buncombe County Registry but prior to doing so, communicated with plaintiff concerning the indebtedness of defendant Sprinkle to defendant Lentz; that there is no evidence that defendant Lentz made any effort to perfect any lien which he might claim to have on the vehicle other than recording the chattel mortgage; that there is no evidence that plaintiff has recorded or attempted to record its conditional sale contract in the Buncombe County Registry or caused its name to be registered as lienholder with the North Carolina Department of Motor Vehicles; that defendant Lentz has possession of the vehicle and refuses to give it up.

Upon these findings of fact, the court entered the following conclusions of law:

"(1)  By virtue of the conditional sale contract entered into between the defendant, Harold W. Sprinkle and Superior Motors, Inc., of Anchorage, Alaska, title to the 1965 Ford one-half ton pickup truck was retained by Superior Motors, Inc., until all amounts due under the conditional sale contract had been fully paid in cash by the defendant, Harold W. Sprinkle.

(2)  The assignment of the conditional sale contract by Superior Motors, Inc., to the plaintiff vested in the plaintiff all

rights of Superior Motors, Inc., including the retained title to and security interest in said 1965 Ford one-half ton pickup truck.

(3) Since the defendant, Harold W. Sprinkle, failed to pay the amounts due under the conditional sale contract he never became vested with title to said 1965 Ford one-half ton pickup truck.

(4) Not having title to said motor vehicle, the defendant, Harold W. Sprinkle, could not create a valid security interest in said motor vehicle in North Carolina.

(5) The security interest which the defendant, Harold W. Sprinkle, attempted to create in favor of the defendant, DeVere C. Lentz, Jr., is invalid and has never been perfected according to the laws of North Carolina.

(6) The retained title and security interest in said 1965 Ford one-half ton pickup truck which is vested in the plaintiff is valid and superior to any claim of the defendant, DeVere C. Lentz, Jr., therein, and the plaintiff is entitled to the possession of said motor vehicle in order that it may foreclose its security interest therein in accordance with the terms of the conditional sale contract."

To each conclusion of law defendant Lentz excepted, and each is assigned as error.

At the outset it is noted that the record is devoid of any evidence as to whether the conditional sale agreement executed by defendant Sprinkle to Superior Motors, Inc. and assigned to plaintiff was ever recorded in Alaska or the security interest thereunder ever perfected in Alaska under the provisions of the Uniform Commercial Code in effect in that state at the time of this transaction. From the facts found, neither plaintiff nor defendant Lentz has perfected any lien or security interest under the provisions of G.S. 20-58 with respect to perfection of security interests in vehicles requiring certificates of title.

Based on the facts found by the trial court, the question presented by this appeal is this: Is the conditional sale contract in question valid and enforceable in this State as against the defendant Lentz under the common law, or is it void as against him by reason of North Carolina statutory provisions?

[1] "At common law a conditional sale contract is valid and effective even as against creditors and *bona fide* purchasers for value

from the conditional vendee. Under the reservation of title in the vendor, no assignable title vests in the conditional vendee." *Finance Corp. v. Quinn*, 232 N.C. 407, 61 S.E. 2d 192. Plaintiff contends that under the rule of comity, the conditional sale contract is enforceable in North Carolina as against defendant Lentz. Our Supreme Court has stated with approval the general rule that comity protects the lien of a chattel mortgage or conditional sales contract *duly filed and recorded in the state where it was executed* and the property was then located, after its removal to another state without recording or filing in that state. *Truck Corp. v. Wilkins*, 219 N.C. 327, 13 S.E. 2d 529; *Discount Corp. v. McKinney*, 230 N.C. 727, 55 S.E. 2d 513. The North Carolina Supreme Court. has, however, expressly held that the rule of comity yields to a local statute which requires such a conditional sales contract to be recorded or filed within the state. *Credit Corp. v. Walters*, 230 N.C. 443, 53 S.E. 2d 520; *Bank v. Ramsey*, 252 N.C. 339, 113 S.E. 2d 723. In *Credit Corp. v. Walters, supra,* Barnhill, J., (later C.J.) speaking for the Court, said:

> ". . . comity is not permitted to operate within a State in opposition to its settled policy as expressed in its statutes, or so as to override the express provisions of its legislative enactments. *Applewhite Co. v. Etheridge,* 210 N.C. 433, 187 S.E. 588; *Ritchey v. Southern Gem Coal Corp.,* 12 F. 2d 605. Our Legislature in enacting our registration statutes, G.S. 47-20, 23, made no exception in favor of a conditional sale contract or chattel mortgage executed and effective in another State where the property embraced in such instrument is subsequently brought into this State."

G.S. 47-20 provides, in pertinent part, that "No . . . conditional sales contract of personal property in which the title is retained by the vendor, shall be valid to pass any property as against lien creditors or purchasers for a valuable consideration from the . . . conditional sales vendee, but from the time of registration thereof as provided in this article;".

In *Credit Corp v. Walters, supra,* the automobile which was the subject of that action was purchased in Illinois. The purchaser executed a conditional sale contract to secure the purchase price. The contract was recorded in Illinois. It was not recorded in any other state. While the car was in North Carolina temporarily, it was attached to satisfy a judgment against the Illinois purchaser. Plaintiff instituted action in claim and delivery. The court there held that the requirements of our statute have no application to personal

property in transit through or temporarily within our State, saying "The lien of a mortgage or conditional sale contract validly executed and legally registered according to the laws of the State wherein the property was and the mortgagor resided will be recognized and enforced in this State against the claims of attaching creditors when the presence of such property in this State is of such a temporary or transient nature that it has not come to rest in the State so as to acquire a *situs* here."

The question of rights of parties to an automobile under a conditional sale contract executed in another state as opposed to a subsequent purchaser for value in this State was again before the Court in *Finance Corp. v. Quinn, supra.* There one Stewart on 6 November 1947 purchased the car in litigation in Rhode Island and executed a conditional sale contract. On 4 February 1948, the North Carolina Department of Motor Vehicles issued a certificate of title for the car to W. D. Pridgen, a North Carolina resident, on his application. The purchaser from Pridgen subsequently sold the car to the defendant who had possession when plaintiff instituted its action in claim and delivery. The conditional sale contract was never recorded in North Carolina and it was not required to be recorded in Rhode Island. There was no evidence as to how the conditional vendee, Stewart, parted with title and possession. The Court there held that mere possession without proof that title was acquired, either directly or by *mesne* conveyances, from the conditional vendee is not sufficient to bring the defendant within the protection of the statute, since the statute protects the title *conveyed by the conditional vendee* as against unrecorded liens and conditional sales contracts.

*Credit Corp. v. Walters, supra,* was decided prior to the enactment of G.S. 44-38.1. In *Finance Corp. v. Quinn, supra,* the Court noted that G.S. 44-38.1 was not applicable in that situation.

G.S. 44-38.1 provides the procedure for perfecting in this State liens on personal property created in another state. It provides that, for the purposes of the statute, personal property acquires a situs when brought into this State with the intent that it be permanently located here, and the keeping of personal property in this State for two consecutive months is *prima facie* evidence that it has acquired a situs here. Subsection (b) provides that when personal property covered by a conditional sale contract is brought into this State and acquires a situs here, the "encumbrance is valid prior to registration in this State as against lien creditors of, or purchasers for valuable

consideration from, the grantor, mortgagor or conditional sale vendee *only* upon fulfilling *all* of the following conditions:

(1)  That such encumbrance was properly registered in the state where such property was located prior to its being brought into this State; and

(2)  That such encumbrance is properly registered in this State within ten days after the mortgagee, grantee in a deed of trust, or conditional sale vendor has knowledge that the encumbered property has been brought into this State; and

(3)  That such registration in this State in any event takes place within four months after encumbered property has been brought into this State." (Emphasis added.)

The court found as a fact that the 1965 Ford one-half ton pickup truck, the subject of this litigation, "has been in North Carolina since being brought here by the defendant, Harold Sprinkle, on October 23, 1965." This action was begun on 4 April 1966, so that at that time the vehicle had been in North Carolina considerably longer than two months. Under the statute the evidence and the findings of fact are sufficient to establish *prima facie* a situs in North Carolina. Plaintiff has met none of these conditions.

G.S. 44-38.1(c) further provides that where no situs is acquired, the encumbrance is valid "as against lien creditors of . . . conditional sale vendee only from the date of due registration of such encumbrance in the proper office in the state from which the property was brought." There is no evidence or finding of fact that plaintiff has registered its conditional sale contract in Alaska at any time.

Where the encumbrance is not required to be registered in the state from which the property is brought into this State, "such encumbrance is valid as against lien creditors of . . . conditional sale vendee only from the time of registration of such encumbrance in this State pursuant to G.S. 47-20." G.S. 44-38.1(d).

We find nothing in the findings of fact in this case to indicate compliance by plaintiff with any section of G.S. 44-38.1, the provisions of which modify and supersede the general rule of comity. *Bank v. Ramsey, supra.*

[2]  However, we feel that G.S. 20-58, which was not relied on by the trial court, is more specifically applicable to this case than the statutes previously discussed. It would appear that prior to 1961, the statutes previously discussed would govern this situation. In 1961, however, extensive changes were made in the method for re-

cording a security interest in a vehicle of a type for which a certificate of title is required. Chapter 835, 1961 Session Laws. G.S. 20-58 states that a security interest for such a vehicle is not valid against creditors of the owner or subsequent transferees or lienholders unless the lien is recorded on the certificate of title.

Subsection (c) of G.S. 20-58 relates to vehicles which are subject to a security interest when they are brought into this State. There, it is provided that the validity of the security interest on a vehicle brought into this State from a foreign jurisdiction is to be determined by the laws of that jurisdiction.

Looking to the laws of Alaska, Alaska Statutes, § 28.10.270 (1953), provides that the owner of a vehicle is to apply to the department of vehicles for a certificate of title upon the form furnished by the department. This form is to contain a statement of the applicant's title, and a statement of liens or encumbrances upon the vehicle. Alaska Statutes, § 28.10.320 (1953) provides that the certificate of title, when issued, shall contain "a statement of the owner's title and of all liens and encumbrances upon the vehicle, and whether possession is held by the owner under a lease, contract of conditional sale, or other agreement." The title certificate is to be delivered to the person holding the first lien when the vehicle is encumbered. Alaska Statutes, § 28.10.330 (1953).

Section 28.10.470 (1951) of the Alaska Statutes provides:

"No conditional sale contract, conditional lease, chattel mortgage or other lien or encumbrance or title retention instrument upon a registered vehicle, other than a lien dependent upon possession, is valid as against the creditor of an owner acquiring a lien by levy or attachment or a subsequent purchaser or encumbrancer without notice until the requirements of §§ 480-530 are complied with." (1964 amendment).

The Uniform Commercial Code as enacted in Alaska at the time of this transaction provides that a security interest of a type which is to be recorded on the certificate of title is excepted from the usual filing provisions of the Code. Alaska Statutes, § 45.05.734 (1962).

[2, 3]	In summary, in looking to the laws of Alaska as we are required to do by G.S. 20-58(c), we find that the plaintiff's security interest could take priority under Alaska law only if it had (1) taken possession of the vehicle, or (2) had its lien recorded on the certificate of title and filed the encumbrance with the department of vehicles. Alaska Statutes, §§ 28.10.510 and 28.10.530. If the plaintiff's security interest was perfected by recordation on the certificate

of title and filing with the department as required by Alaska law — then this security interest would continue to be perfected ·in this State under G.S. 20-58(c) (2) (a), which provides:

> "If the name of the lien holder is shown on an existing certificate of title issued by that jurisdiction, his security interest continues perfected in this State."

However, we do not find anything in the pleadings, which, as stipulated by the parties, constitute the evidence in this case, or the findings of fact which show that the plaintiff's security interest was perfected in any manner. By the terms of the "conditional sale contract", the buyer was obligated to deliver the certificate of title to the seller showing the seller's interest in the vehicle. But, there is no evidence, or finding of fact, showing that this was done. The burden of proof was on the plaintiff to show that his lien was perfected under Alaska law. *Discount Corp. v. McKinney, supra.* Also, there is no showing that the plaintiff's security interest was ever perfected in this State. G.S. 20-58(c) (3).

[2]   The question now arises — has the defendant perfected his lien under the requirements of G.S. 20-58? Again, there is no evidence before us which shows that the defendant has complied with the provisions of G.S. 20-58 by having his lien recorded on the certificate of title. However, there is evidence and finding of fact showing that he has taken possession of the vehicle.

> "There is, we think, clear implication in G.S. 20-58(a) that the Legislature did not intend to prevent a mortgagee who has actual possession of the pledged vehicle from acquiring a lien having priority over liens not then perfected.
>
> Neither party had a perfected lien prior to June 19, 1963. On that date, Long (the debtor) surrendered possession of the automobiles to plaintiff to hold as security for the sums loaned. It (debtor) acquired a valid lien from the moment it took possession." *Trust Co. v. Finance Co.,* 262 N.C. 711, 138 S.E. 2d 481.

The defendant, Lentz, perfected his lien by taking possession of the vehicle. Being the first to perfect, he has the superior lien. The decision below must be reversed and judgment entered accordingly.

Reversed.

MALLARD, C.J., and CAMPBELL, J., concur.