Nash, J.
 

 We see no reason to disturb the judgment below. At the time the defendant took possession of the slave, Harper, under the attachment, Stafford Weather • ly had no interest in him, which was liable to the process. When he removed from this State to Virginia, he took Harper with him, and, having contracted debts there, he conveyed him to a trustee to secure them. It is admitted in the case agreed, that the debts so secured were honestly due, and that several of them had not arrived at maturity; and it is further agreed, that the conveyance to the trustee was in good faith, and, by the laws of Virginia, a subscribing witness to a bill of sale or deed conveying slaves is not necessary; and that the proof and registration oí the deed of trust are according to the laws of that State. If so, the legal title was in the trustee — the contract being made in Virginia is to be governed by the laws of that State, and not by those of North Carolina.
 
 Davis
 
 v.
 
 Coleman,
 
 7 Ire. 424, where it was decided, that, where a contract for a loan of money was made in Georgia, a note executed in this State to carry it into execution, reserving interest according to the laws of Georgia, was not usurious, if made in good faith. The legal estate being in the trustee, and many of the debts, for which it was made, being still outstanding, Weatherly had no such interest as was liable to attachment.
 
 Parkerson
 
 v.
 
 Massey,
 
 5 Ire. 192.
 
 Pool
 
 v.
 
 Glover, 2
 
 Ire. 120.
 
 Coffield
 
 v.
 
 Collins,
 
 4 Ire. 486.
 

 There is no error in the judgment below.
 

 Per Curiam.
 

 Judgment affirmed.