The creditors of Sawyers-Felder Company instituted various actions to collect their debts, and levied attachments on a certain motor truck. After the action had been instituted Ashcraft-Wilkinson Company filed interpleas in which it alleged that it was the owner of the truck and the several actions were then consolidated.
On the trial the following instrument was introduced in evidence:Georgia — Fulton Company.
Whereas Sawyer-Felder Co. (a partnership composed of F. L. Sawyer and K. T. Felder) is indebted to Ashcraft-Wilkinson Co., and any and all future indebtedness, whether on note or open account, by said partnership, to Ashcraft-Wilkinson Co. we here by bargain, sell and convey to Ashcraft-Wilkinson Co. the following described property and all our right, title equity and interest therein:
A certain tractor truck manufacture of the White Co., model ATH, Serial No. 31318, steel body, power-end-pump, equipped with tractor wheels, and cushions, lamps and tools.
A certain Alco truck, 5-ton capacity, purchased from, C. L.(659) DuPuy, together with all accessories and equipment complete. Both of said trucks now in our possession and are hereby covenanted to be free of all liens and incumbrances.
Upon prompt payment by us of all indebtedness which shall become due the said Ashcraft-Wilkinson Co., they are to satisfy this bill of sale in the same manner as deeds may be cancelled in law.
In witness whereof we have hereunto set our hands and seals at Atlanta, Ga., this the 20th day of May, 1916.
 Sawyer-Felder Co. (L. S.) F. L. Sawyer. (L. S.)
Signed, sealed, and delivered in the presence of P. B. D'Orr, Notary Public, Fulton County, Ga.
The said instrument was filed for record at 5 p.m., 19 September, 1916, and recorded in Fulton County, Ga., 29 September, 1916.
The interpleader introduced as a witness P. B. D'Orr. The witness was handed the instrument hereinbefore set out, and in the absence of the jury certain questions were asked the witness which, with the answers thereto, were as follows: *Page 700 
Q. What is that instrument you have? A. This instrument is a deed of sale in our State and a mortgage, I believe it is called, in your State.
Q. Who drew that instrument? A. I drew the instrument.
Q. At whose instance? A. At the instance of Ashcraft and Wilkinson, president and vice-president of the interpleader.
Q. For what purpose was the instrument drawn? A. After the Sawyer-Felder Company had been engaged in this mining business for some time it was the sense of the company, of the Ashcraft-Wilkinson Company, and those who control its affairs, that Sawyer-Felder Company would be unable to pay the funds advanced; that their behavior had become such that Ashcraft-Wilkinson were disturbed over their transactions under which they loaned them this money and they had turned this truck over to them to my personal knowledge, and they instructed me to prepare a deed of sale, which would put the title of the trucks in us in order that it might on the Fulton Company records so that if Sawyer-Felder attempted to sell the truck they would have a record showing that it belonged to us, and they; had no record and said that something ought to be on the books to show in whom the title lay, and Mr. Ashcraft instructed me to prepare a deed from Sawyer-Felder Company to put on record for the truck. At the time I told Mr. Ashcraft that we owned the truck and had never sold it and never passed the title and I did not think it necessary to have a deed, and being (660) a layman and contrary, insisted, and I drew the deed and it was put on record in September, although I drew it on the 30th of May.
The court instructed the sheriff to recall the jury to the box, and the following proceedings were laid:
The interpleaders offered to introduce the foregoing evidence of the witness D'Orr. Plaintiffs objected; sustained; interpleader excepted.
The only other evidence offered by the interpleader was that of one Wilkinson, who after testifying to certain facts, substantially those stated by the witness D'Orr, admitted that he knew nothing about the transaction and that he was speaking from hearsay.
The purpose of the interpleader in offering the evidence of D'Orr an Wilkinson was to prove an outstanding title in the interpleader derived by purchase from the White Company before the execution of the paper introduced in evidence and to avoid the effect of the paper as a mortgage.
At the conclusion of the evidence his Honor dismissed the interpleas, and the Ashcraft-Wilkinson Company excepted and appealed. *Page 701 
The paper introduced in evidence, while called a bill of sale, is in legal effect a mortgage, because it purports to convey personal property as a security for debt (Harris v. Jones, 83 N.C. 321), and being a mortgage, and the mortgager being a nonresident of the State, it was necessary to cause it to be registered in the county of Macon, where the property was situate, to give it priority over attaching creditors.
The case of Hornthal v. Burwell,109 N.C. 10, has no application because it does not appear that the truck was not in Macon County when the mortgage was executed.
This principle is therefore decisive of the appeal against the interpleader unless error had been committed in excluding the evidence of the witness D'Orr or in holding that evidence of the witness Wilkinson was not sufficient to be submitted to the jury.
The last part of the evidence of D'Orr, as to the conversation with Ashcraft, was clearly incompetent, as it does not come within any exception to the rule excluding hearsay evidence, and, omitting this, his evidence was immaterial, as it could not change the relation of mortgagor and mortgagee, but would confirm it, as it shows that the Ashcraft-Wilkinson Company, had loaned money to the Sawyer-Felder company, and becoming uneasy about the debt, it took the (661) mortgage for the purpose of putting the title of the truck in Ashcraft-Wilkinson Company, so that the other company could not dispose of it.
The evidence is a very good description of a sale of personal property on credit, aud [and] taking a mortgage on the property as a security, upon becoming doubtful as to the solvency of the debtor.
And the evidence of Wilkinson, if it ought to be considered after his admission that he knew nothing of the transaction and was speaking from hearsay, is subject to the same condemnation. It is true, he merely his conclusion, and he afterwards testified "that so far as witness knew personally Ashcraft might have sold this truck to Sawyer-Felder Company."
He also testified that the Ashcraft-Wilkinson Company bought the truck from the White Company, and turned it over to the Sawyer-Felder Company, which was to pay for it, when able, and that the mortgage was taken to protect the Ashcraft-Wilkinson Company *Page 702 
This evidence, if true, has no tendency to prove an outstanding title in the interpleader derived from the White Company if it was permissible to do so, to which we do not give our assent, and on the contrary establishes the relationship between the parties as shown by the mortgage.
We are, therefore, of opinion there was no error in the exclusion of evidence or in the dismissal of the interpleas.
The judgment must, however, be modified by declaring the Ashcraft-Wilkinson Company to be the owners of the property, subject to the prior claim and lien of the attachments, and to this modification the plaintiffs consent.
The interpleader will pay the costs of the appeal.
Modified and affirmed.
Cited: Harris v. R. R.,190 N.C. 482;Young v. Stewart, 191 N.C. 302;Discount Corp. v. Radecky, 205 N.C. 164; Thrift Corp. v. Guthrie,227 N.C. 432; Discount Corp. v. McKinney, 230 N.C. 732; Montague Bros. v.Shepherd Co., 231 N.C. 554.
(662)