## W. H. APPLEWHITE COMPANY, INC., v. W. O. ETHERIDGE.

(Filed 23 September, 1936.)

**1. Constitutional Law E a—**

A statute in effect at the time of the execution of a contract cannot be successfully attacked as impairing the obligations of the contract, since in such instance the contract is presumed to have been made with reference to the existing law. Federal Constitution, Art. I, sec. 10.

**2. Constitutional Law I a—**

A statute requiring registration of a chattel mortgage in the state when the property, subject to a chattel mortgage registered in another state is removed to the state, in order to affect the rights of innocent purchasers for value without notice does not deprive the mortgagee of his rights in violation of the due process clause of the 14th Amendment to the Federal Constitution.

**3. Chattel Mortgages B b—**

The registration of a chattel mortgage in the proper county in this State is constructive notice of the lien in all states except those requiring registration therein in order to charge purchasers for value without notice who purchase the property after it has been removed to such state and brought to rest therein.

**4. Chattel Mortgages G c—Purchaser for value without notice in state requiring registration therein held to take property free from chattel mortgage registered only in this State.**

The owner of property subject to a chattel mortgage, registered in the proper county of this State, removed the property to Virginia, and there sold it to a *bona fide* purchaser for value without notice, who thereafter brought the property back to this State, where it was claimed by the mortgagee. The State of Virginia requires registration of chattel mortgages within its jurisdiction when the property has been removed to that state in order to charge purchasers for value without notice. Virginia Code, 5197. *Held:* Under the law of the State of Virginia, wherein the sale took place, the purchaser obtained title free from the lien of the chattel mortgage, and plaintiff mortgagee is not entitled to recover in the action instituted in this State.

**5. Courts D a—**

Where property, subject to a chattel mortgage registered in this State, is removed to another state and there sold, the registration laws of such

state govern the rights of the purchaser, although action is instituted in this State by the mortgagee to recover the property upon the subsequent removal of the property here by the purchaser.

APPEAL by the plaintiff from *Small, J.,* at January Term, 1936, of PASQUOTANK. No error.

The evidence tended to show the following: In 1929 W. H. Shackleford, then a resident of Wilson County, North Carolina, executed to the plaintiff, a North Carolina corporation with its principal place of business in Wilson County, a mortgage upon a certain sawmill and its equipment. The chattel mortgage was duly executed and recorded in Wilson County. In 1934, about 1 February, Shackleford removed the mortgaged property to a point near St. Brides, in the State of Virginia, where he began to use it in a certain logging operation about 1 April of the same year. On or about 1 May, Shackleford moved his family to St. Brides, Va., where they continued to reside until some time in October of that year, when Shackleford sold the mortgaged property to the defendant. The property was delivered and the purchase price paid in the State of Virginia. The price paid was adequate, representing the full value of the property. The plaintiff's mortgage has never been recorded in Virginia, and the defendant at the time of the sale to him was without notice of such mortgage. Shortly following the sale, the defendant removed the property to North Carolina, where it has since remained, and thereafter, on 29 July, 1935, this action in claim and delivery was instituted.

The court instructed the jury, in effect, that if they found the facts to be as shown by the evidence, they would answer the issues in favor of the defendant. The issues were so answered, and from judgment based upon the verdict the plaintiff appealed, assigning errors.

*J. H. LeRoy, Jr., for plaintiff, appellant.*
*McMullan & McMullan for defendant, appellee.*

SCHENCK, J. Section 5197 of the Virginia Code provides: "No mortgage, deed of trust, or other encumbrance created upon personal property while such property is located in another state shall be a valid encumbrance upon said property after it is removed into this State as to purchasers for valuable consideration without notice and creditors unless and until the said mortgage, deed of trust, or other encumbrance be recorded according to the laws of this State in the county or corporation in which the said property is located in this State."

The appellant assails the charge of the court upon two grounds: First, that the Virginia statute is in contravention of the Constitution

of the United States; and, second, that even if constitutional, said statute has no extraterritorial effects, and therefore will not be enforced by the courts of North Carolina.

It is contended by appellant that the Virginia statute is in contravention of Article I, sec. 10, of the Federal Constitution, prohibiting any state from passing any law impairing the obligations of contracts in that it gives to a subsequent purchaser of the property in Virginia a superior title to the holder in North Carolina of a prior lien. Laws which are in existence at the time a contract is made cannot be said to impair its obligation, since in such cases the contract is presumed to have been made with reference to existing law. The Virginia statute was enacted in 1894 and the chattel mortgage to the plaintiff was executed in 1929.

It is further contended by appellant that the statute impinges the provision of the 14th Amendment to the Federal Constitution in that it deprives the plaintiff of its property without due process of law. The validity of similar recording acts has been upheld by many of the state courts of last resort as well as by the Supreme Court of the United States. "The Legislature has power to pass, repeal, or modify registration laws from time to time. Over the subject of registration it has complete control, and the exercise of its power cannot be deemed an interference with vested rights." *Tatom v. White,* 95 N. C., 453 (459). And to the same effect is *Jackson v. Lamphire,* 28 U. S. (3 Peters), 280, 7 Law Ed., 679. See, also, 23 R. C. L., at p. 172.

But the appellant takes the position that since its chattel mortgage was recorded in Wilson County it was constructive notice to the world of its lien. *Whitehurst v. Garrett,* 196 N. C., 154. This is true so long as the property remained in North Carolina, and so long as it was elsewhere than in a jurisdiction whose law requires the registration of a mortgage there to give it validity when the property is removed thereinto. In 5 R. C. L., at p. 987, in speaking to the subject of the extraterritorial effect of recording, it is said: "If a chattel mortgage is valid where it is made, and is executed and recorded according to the laws of the state or country of its execution, as a general rule it will be enforced in the courts of another state or country as a matter of comity, although it is not executed or recorded according to the requirements of the law of the latter state. Where property is removed into a state other than in which the mortgage thereon was executed, ordinarily the rights of the mortgagee are protected under the general rule stated even though subsequent to its removal and without notice or knowledge of the mortgage others acquire rights or interests therein, unless there is in the state to which the property is removed a statute expressly requiring the filing or recording of mortgages upon property subsequently brought into the

state, in which case the statute is, of course, conclusive of the question under consideration."

In the note to *Mercantile Acceptance Co. v. Frank* (Cal.), 57 A. L. R., 696, at p. 722, the exception to the general rule is clearly stated as follows: "The general rule which protects the lien of a chattel mortgage duly filed and recorded in the state where it was executed and the property was then located, after its removal to another state without recording or filing in that state, is one of comity, and, of course, yields to a local statute which, by express terms or clear implication, requires such a mortgage to be recorded or filed within the state in order to protect the lien as against third persons."

It follows that since the chattel mortgage of the plaintiff was never recorded in Virginia, and since the defendant was a *bona fide* purchaser for value, without notice of any lien, and the sale was begun and completed in that state, that the defendant obtained a title to the property free from any lien of the plaintiff's mortgage.

While the forum of this action is a North Carolina court, the law of Virginia, the *lex loci contractus,* governs the issue. *Hall v. Telegraph Co.,* 139 N. C., 369; *Keesler v. Ins. Co.,* 177 N. C., 394; *Bundy v. Credit Co.,* 200 N. C., 511. The charge in the Superior Court was in accord with this law.

It should be noted that the statute under consideration refers to encumbrances on property "after it is removed" into the State of Virginia, which would indicate that it was not intended to include encumbrances on property which was only transitorily or temporarily in the state. The word "removed," as used, implies not only the taking of the property into Virginia, but also the allowing of the property to come to rest therein—the gaining a *situs* therein.

We have examined the exceptions taken to the evidence and find in them no prejudicial error.

No error.