MACK INTERNATIONAL TRUCK CORPORATION AND UTILITY TRAILER DISTRIBUTING CORPORATION ET AL., v. R. G. WILKINS AND KENNETH WILKINS, TRADING AS R. G. WILKINS & SON, EARL McD. WESTBROOK ET AL.

(Filed 19 March, 1941.)

**Chattel Mortgages and Conditional Sales § 9a: Attachment § 22: Courts § 11—**

Under the general rule of comity, the lien of a retention title contract on personal property duly registered and indexed in the state wherein it

TRUCK CORP. *v.* WILKINS.

was executed and the property was then located, has priority over the lien of an attachment subsequently issued against the same property in this State, notwithstanding that the retention title contract is not registered here.

APPEAL by defendants Westbrook *et al.* from *Carr, J.,* at September Term, 1940, of HARNETT.

*I. R. Williams for plaintiffs, appellees.*
*J. A. McLeod for defendants Westbrook et al., appellants.*

SCHENCK, J. According to the agreed statement of facts, the plaintiffs were owners of retention title contracts on certain personal property from the defendants Wilkins & Son, which were executed, registered and indexed in the proper registry in the county of Polk and State of Florida. Subsequent to such registrations in the State of Florida the defendants Westbrook *et al.* caused to be issued attachments against the said personal property in the county of Harnett and State of North Carolina to collect certain debts due them by the defendants Wilkins & Son.

This action was instituted by the plaintiffs to have the liens of the retention title contracts registered in the State of Florida declared superior to the liens of the attachments subsequently issued in the State of North Carolina. The Superior Court held with the plaintiffs and entered judgment accordingly, from which the defendants Westbrook *et al.* appealed, assigning error.

The sole question presented is: Are the liens of title retention contracts on personal property duly executed, registered and indexed in the State of Florida superior to the liens of attachments subsequently issued against the same personal property in the State of North Carolina? The answer is in the affirmative.

The general rule of comity, in the absence of a modifying statute, protects the lien of a retention title contract or chattel mortgage on personal property duly registered and indexed in the State wherein it was executed and the property was then located, after the removal thereof to another state without registration in the latter state. *Applewhite Co. v. Etheridge,* 210 N. C., 433, 187 S. E., 588, 5 R. C. L., at p. 987, Conflict of Laws, Chattel Mortgages, par. 68.

The judgment of the Superior Court is
Affirmed.