UNIVERSAL FINANCE COMPANY, INC., A CORPORATION, v. STEVE G. CLARY.

(Filed 19 March, 1947.)

**1. Evidence § 35—**

Where a party offers in evidence the original chattel mortgage with oral evidence as to its signature by the mortgagor, the instrument is competent notwithstanding the absence of a seal to authenticate the notation on the instrument of its registration. Neither G. S., 8-20, relating to the registration in a county of an instrument taken from the registry of another when evidenced by the certificate and seal of the Register of Deeds, nor USCA, Title 28, Sec. 688, as amended, is applicable.

**2. Chattel Mortgages § 13c—In action by mortgagee to recover mortgaged chattel, status of defendant as innocent purchaser is matter of defense.**

The introduction in evidence of the original chattel mortgage on an automobile, purporting to have been registered in another state, its registration in such other state in the county where the mortgagor resided not being challenged, with evidence of its execution by the mortgagor, is sufficient to make out a *prima facie* case and overrule defendant's motions to nonsuit in an action by the mortgagee to recover the car against one who bought the car from a purchaser from the mortgagor in this State, the contentions of defendant relating to the integrity of the transaction and his status as an innocent purchaser for value, G. S., 47-20, being matters of defense.

APPEAL by defendant from *Burgwyn, Special Judge,* at September Term, 1946, of MARTIN. No error.

This was an action to recover the possession of an automobile by the mortgagee in a chattel mortgage executed in the State of Maryland where the mortgagor resided.

There was verdict for plaintiff, and from judgment thereon defendant appealed.

*Hugh G. Horton for plaintiff, appellee.*
*Wheeler Martin and Clarence Griffin for defendant, appellant.*

DEVIN, J. The defendant assigns error in the admission in evidence of the chattel mortgage under which plaintiff claims possession of the described automobile.

The plaintiff offered the original instrument, which purported to have been executed by Homer R. Jackson, of Baltimore, Maryland, and to have been recorded on the public registry there. This showed due acknowledgment of its execution by the mortgagor before a notary public, and oral testimony was adduced at the trial as to the signature of the mortgagor thereon. Defendant's objection was pointed to the absence of a seal to authenticate the notation on the instrument of its registra-

tion, rather than to the sufficiency of the proof of the execution of the paper for the purposes therein expressed.

The defendant calls attention to G. S., 8-20. This statute permits a copy of an instrument taken from the registry of one county to be registered in another county when evidenced by the certificate and seal of the Register of Deeds. But here the original instrument was offered, sufficiently evidenced as to execution, apparently with notation thereon of the time and date of its recordation in the public registry where the mortgagor resided and where the property was then located. The regulations prescribed by U. S. Code, Title 28, sec. 688, as amended by Federal Rules of Procedure, are inapplicable here.

We note that the transcript of the evidence sent up with the case on appeal does not affirmatively show the recordation of the chattel mortgage. However, in its complaint the plaintiff stated it was duly recorded in Baltimore and gave the book and page of the proper public registry, and the defendant denied this only for lack of information. In his charge to the jury the court stated the chattel mortgage was legally recorded in Baltimore the same day it was given, and no objection or exception to his statement was noted. Furthermore, the defendant in his brief says the mortgage showed "the notation of the time and date of recording and the name of the unidentified person purporting to be recording clerk." Thus we take it that the registration of the mortgage in Baltimore where the mortgagor resided and the property was situated was not challenged by the defendant.

In view of the provisions of G. S., 47-20, which declares that no mortgage of personal property shall be valid as against subsequent purchasers for value from the mortgagor but from the registration of the mortgage where the mortgagor resides, or in case the mortgagor resides out of the State in the county where such property is situated, whether as a general rule a chattel mortgage executed by a nonresident on property then situated at the domicile of the mortgagor and duly recorded there must also be recorded in this State in order to be valid against subsequent purchasers, is not presented in this case. Neither by exception nor in his brief does the appellant raise this question. Furthermore, the evidence does not disclose that the property had come to rest in this State but was transitory at the time the mortgagor disposed of it.

The court below charged the jury that the legal effect of the registration of the automobile in the domicile of the mortgagor was notice to the world that there was a mortgage on the property described, and that he who bought the property did so subject to the mortgage to the extent of the unpaid debt, and gave peremptory instructions to the jury to answer the issues in favor of the plaintiff. The court also pointed out that when the defendant purchased the automobile in Charlotte, North Carolina, it bore a Maryland license plate, and that no sufficient inquiry

was made to ascertain what liens, if any, were recorded against it. No exception was noted to any of the court's instructions.

The only other exception noted by the defendant was to the denial of the motion for judgment of nonsuit. The plaintiff having offered the original mortgage, purporting to have been registered in the locality where the property was situated and the mortgagor resided, together with evidence of the execution of the paper by the mortgagor to secure a valid debt, made out a *prima facie* case, sufficient to withstand motion for judgment of nonsuit. Contentions relating to the integrity of the transaction and the status of the defendant as an innocent purchaser for value were matters of defense.

We discover no error of which the defendant can take advantage on the record before us.

No error.