GENERAL FINANCE & THRIFT CORPORATION v. J. C. GUTHRIE.

(Filed 21 May, 1947.)

**1. Trial § 29—**

A peremptory instruction in favor of plaintiff cannot be sustained unless in no aspect of the evidence is it sufficient to support defendant's defense.

**2. Chattel Mortgage § 13c—Where an automobile is brought into the State prior to filing or recording of chattel mortgage in another State, the lien of the chattel mortgage does not attach.**

A chattel mortgage on an automobile was registered in another state, the laws of which provided that the lien of a chattel mortgage should take effect only from the time it is filed for record. (Ga. Code, 61-2501.) The evidence was conflicting as to whether the automobile was brought into this State by the mortgagor before or after the lien was filed for registration in such other state. The mortgagor sold the car and defendant is the purchaser from his transferee. Defendant conceded that under the general rule the lien of the chattel mortgage is good from the date it was recorded. *Held:* Since there is evidence on the part of defendant that the car was brought to this State prior to the filing of the chattel mortgage for record in such other state, a peremptory instruction in favor of plaintiff mortgagee is error.

**3. Appeal and Error § 8—**

An appeal will be determined in accordance with the theory of trial in the lower court.

BARNHILL, J., concurring.

APPEAL by defendant from *Grady, Emergency Judge,* at February Term, 1947, of GUILFORD. New trial.

Civil action for the possession of an automobile, claimed under a conditional sale agreement executed in the State of Georgia.

The material facts were these: Charles M. York, then 17 years of age, had been for several months a resident of and employed in the city of Augusta, Georgia. There he purchased an automobile from one McKnight and in part payment executed note and conditional sale agreement in the sum of $709.25, payable in monthly installments, which papers McKnight immediately endorsed and transferred to the plaintiff, a Georgia corporation. These transactions occurred 30 May, 1946. The

conditional sale agreement was filed for record in Richmond County, Georgia, 5 June, 1946, and was duly recorded 8 June, 1946. According to plaintiff's evidence York remained in Augusta some time after this time, but defendant's evidence tends to show that York returned to the home of his parents in Greensboro, North Carolina, with the automobile 3 June, 1946, and on 12 June, following, sold the automobile to W. J. Hodges, who shortly thereafter conveyed it to the defendant Guthrie, though Hodges still retained a "financial interest" in it. The removal of the automobile from Georgia to North Carolina was without the knowledge or consent of the plaintiff. Nothing has been paid on the debt secured by the conditional sale agreement and installments were past due when this suit was instituted 8 August, 1946. After selling the automobile York went to New York, enlisted in U. S. Army, and is now in Germany.

Hodges testified that at the time he purchased the automobile it bore a Georgia license plate, and that York turned over to him his automobile registration card, and executed to him a bill of sale, upon which he obtained from the North Carolina Motor Vehicle Department a certificate of title. Hodges also testified he was told York had been in some trouble, and was advised not to have too much to do with him. He made no inquiry in Georgia as to liens on the automobile.

The court charged the jury if they found the facts to be as shown by all the evidence to answer the issue in favor of the plaintiff. From judgment rendered on the verdict in accord with this instruction, defendant appealed.

*Rufus W. Reynolds and Chas. M. Ivey, Jr., for plaintiff, appellee.*
*S. Bernard Weinstein and Harry Rockwell for defendant, appellant.*

DEVIN, J. The peremptory instruction given by the court to the jury, that upon all the evidence they should answer the issue in favor of the plaintiff, presents the question whether in any view of the evidence there was ground for defense to the plaintiff's action.

The defendant appellant, in his brief and in his argument, concedes that under the general rule the execution and recording of a chattel mortgage or other lien on personal property in the county and state where the mortgagor then resided and where the property then was situated would ordinarily constitute notice to subsequent purchasers from the mortgagor in another state to which the property was subsequently removed without the consent of the mortgagee. The case was tried below on that theory, and we will consider the appeal in accord with that view. See G. S., 47-20; *Anderson v. Doak,* 32 N. C., 295; *Hornthal v. Burwell,* 109 N. C., 10; *Sloan Bros. v. Sawyer-Felder Co.,* 175 N. C., 657, 96 S. E., 39; *Whitehurst v. Garrett,* 196 N. C., 154, 144 S. E., 835; *Apple-*

*white Co. v. Etheridge,* 210 N. C., 433, 187 S. E., 588; *Truck Corp. v. Wilkins,* 219 N. C., 327, 13 S. E. (2d), 529; *Finance Co. v. Clary, ante,* 247, 41 S. E. (2d), 760; 10 Am. Jur., 729; Restatement, Conflict of Laws, sec. 275; 57 A. L. R., 714; 148 A. L. R., 380; Jones on Chattel Mortgages, 301; *Motor Investment Co. v. Breslauer,* 64 Cal. App., 230; *Mercantile Acceptance Co. v. Frank,* 265 P., 190; *Shapard v. Hynes,* 104 Fed., 449.

Without undertaking to controvert plaintiff's position on this phase of the case, the defendant calls attention to the evidence tending to show that before the conditional sale agreement was filed for registration on 5 June, 1946, the automobile had been permanently removed to Guilford County, North Carolina, where the mortgagor resumed his former domicile. It is contended that under the Georgia statute (Code 67-2501) (3320) mortgages and liens of all kinds, as against the interest of third parties acting in good faith and without notice, shall "take effect only from the time they are filed for record in the clerk's office," and that in the case at bar, prior to the time the lien was filed for record in Georgia, the property had been removed to North Carolina and had come to rest in this State in the possession of York; and that hence the lien should not be held, by virtue of its recordation, to attach to or become effective as to property then in North Carolina.

This is the view expressed by the Supreme Court of Wyoming on similar facts in *Yund v. Bank,* 14 Wyoming, 81. In that case movable personal property was mortgaged in Oklahoma and before the instrument was recorded the property was removed to another state, where other liens attached. It was held that the subsequent registration of the paper in Oklahoma did not make it good against subsequent encumbrances in the state to which it was removed. The Court said, "The mortgage was void as against creditors of the mortgagor in Oklahoma unless filed (for record), and not being filed before the property was removed to the Indian Territory, it went there free of any lien as to creditors, and the subsequent filing in Oklahoma could create no lien upon it in a foreign jurisdiction."

In *Truck Corp. v. Wilkins,* 219 N. C., 327, 13 S. E. (2d), 529, relied on by the appellee, it was said, "the general rule of comity, in the absence of a modifying statute, protects the lien of a retention title contract on personal property duly registered and indexed in the state wherein it was executed and the property was then located, after the removal thereof to another state without registration in the latter state." It would seem from the language used that the lien which was made effective by registration and for that reason protected in another state, applied to property "then located" in the state where it was registered; that is, to property there located at the time of the registration of the lien.

· We are not inadvertent to the plaintiff's position. It is pointed out that, in addition to the admitted evidence of the registration of the lien in Georgia, there was evidence that Charles M. York, whose parents reside in Greensboro, was only 17 years of age at the time the automobile was purchased from him by Hodges; that the automobile bore a Georgia license plate; that the only evidence of title York exhibited was an automobile registration card; and that the purchaser was advised as to York's record. The plaintiff contends that under the circumstances, the failure to require production of certificate of title, or to make inquiry in Georgia as to encumbrances was evidence of such negligence on the part of Hodges and the defendant as to defeat defendant's claim of acting in good faith and without notice. But, as we think for the reasons hereinbefore set out the case should be remanded for another hearing, we need not discuss the evidence for and against the defendant on this point. Nor need we determine whether the plaintiff's delay in recording its lien on property so mobile delivered into the possession of one whose stay in Georgia was more or less transient, was evidence of negligence on the part of the plaintiff. The record is not clear as to the issuance or custody of the certificate of title in Georgia.

Charles M. York has not been made a party to this action, and as both plaintiff and defendant claim title to the automobile under him, the rights of the parties herein are unaffected by his nonage.

Upon the evidence offered we think the court below was in error in giving the peremptory instruction complained of, and that the case should have been submitted to the jury with appropriate instructions as to the principles of law applicable to the evidence presented. As there must be a new trial we deem it unnecessary to consider the other exceptions noted and brought forward in defendant's appeal.

New trial.

BARNHILL, J., concurring: I concur in the majority opinion. In so doing I deem it well to note that the defendant made no contention in the court below that the property described in the conditional sales contract had come to rest in this State and that therefore the contract, not being recorded in this State, is not valid and enforceable against him, a purchaser for value. Hence the effect of our statute, G. S., 47-20, as a modification of the general rule was not considered.

That we decide the case here on the theory of the trial below without discussing or deciding questions not presented for decision must not be interpreted to mean that we hold that G. S. 47-20 does not materially modify the general rule in respect to property within this State. *Applewhite Co. v. Etheridge*, 210 N. C., 433, 187 S. E., 588. We will decide that question when it is properly presented.