UNIVERSAL C. I. T. CREDIT CORPORATION v. JOHN E. WALTERS, SHERIFF OF GUILFORD COUNTY; A. M. KRIEGSMAN, MAMIE W. JONES, ARCH K. SCHOCH AND GUILFORD MOTOR CORPORATION, T/A JACK'S U-DRIVE-IT.

(Filed 25 May, 1949.)

**1. Courts § 14—**

Comity does not operate in opposition to settle statutory policy or enactments.

**2. Chattel Mortgages § 8b—**

The uniform sales act of the state wherein the property was purchased and the conditional sales contract registered in accordance with its laws cannot be given an effect contrary to the provisions of our registration statutes, G.S. 47-20, G.S. 47-23, since our statutes make no exception in favor of a conditional sale contract or chattel mortgage executed and effected in another state when the property embraced in such instrument is subsequently brought into this State.

**3. Chattel Mortgages § 8a: Registration § 1—**

Where personal property subject to a conditional sale contract or chattel mortgage is brought into this State by the nonresident purchaser while he is on a temporary visit, the personalty does not acquire a *situs* here within the meaning of our registration statute, and such lien is not required to be registered in any county of this State. G.S. 47-20, G.S. 47-23.

**4. Chattel Mortgages § 8b: Execution § 8—**

An automobile purchased by a nonresident in another state and subject to a conditional sale contract, registered in accordance with the laws of such other state, was brought into this State by the nonresident while on a temporary visit. The automobile was seized under execution of a judgment obtained here against the nonresident. *Held:* The lien of the conditional sale contract is superior to the lien obtained by levy under execution.

**5. Same—**

The lien against personalty acquired by levy under execution of a judgment cannot be superior to the interest of the judgment debtor in the property, and where the judgment debtor owns only an equity of redemption, the lien acquired by execution is subject to the prior lien of a chattel mortgage or conditional sale contract when such instrument is not required to be registered here.

APPEAL by defendant Kriegsman from *Gwyn, J.,* April Term, 1949, GUILFORD.

Civil action in claim and delivery for the possession of an automobile.

On 22 December 1947, one Charles R. Brumer, a resident of Chicago, purchased from K-F Motors, Inc., the Frazer Manhattan Sedan described in the pleadings, not for resale but for his personal use. He executed a conditional sale contract to secure the purchase price. This contract was duly registered in the office of the Secretary of State of Illinois as required by the Illinois uniform sales statute, but was not recorded under the Illinois general recording act. It has not been recorded in any county in this State.

On or about 22 January 1948, Brumer came to North Carolina on said automobile for a visit or other purpose and was on said date temporarily in North Carolina.

On 22 September 1947, defendant Kriegsman obtained a judgment against Brumer in Guilford County, N. C. On 22 January 1948, the sheriff of Guilford County, under authority of an execution issued on said judgment, seized and levied upon said automobile for the purpose of selling same to satisfy said judgment.

Thereupon the plaintiff, on 7 February 1948, instituted this action and sued out the ancillary writ of claim and delivery under which it acquired possession of said automobile. The automobile was advertised for sale under the provisions of the conditional sale contract and sold to a third party for the sum of $2,100.

At the time said automobile was levied upon by the sheriff and later delivered to plaintiff, Brumer was indebted to plaintiff on the conditional sale contract in the sum of $2,439.53, and to Kriegsman on his judgment in the sum of $800 with interest from 22 September 1947 and costs.

The automobile having been sold, the case resolved itself into a contest over the ownership of the proceeds of sale. The court below, on facts agreed, held that plaintiff is the owner and entitled to the possession of said automobile or the proceeds from the sale thereof, and its lien is superior to the lien acquired by defendant by levy under execution. It thereupon adjudged that plaintiff have and recover the proceeds of sale together with its cost, free and clear of any claim of defendant Kriegsman or any one of the other defendants herein. Defendant Kriegsman appealed. Other defendants, judgment creditors, did not appeal.

*G. C. Hampton, Jr., for plaintiff appellee.*
*York & Boyd for defendant Kriegsman.*

BARNHILL, J. The rule of comity, the effect of the Uniform Sales Act on the law of registration and the rights of the parties and other inter-

esting questions have been attractively and ably presented by counsel. However, it is conceded that the one question posed for decision is this: If the nonresident owner of an automobile, which is subject to a conditional sale contract, temporarily has the automobile in this State, is a lien thereon, acquired by levy under execution in this State, superior to the lien of the conditional sale contract? It would seem to us that the answer is no, without regard to whether the conditional sale contract is or is not registered in this State. That is, neither our registration statute nor the rule of comity has any substantial bearing on the question presented.

Illinois has adopted the Uniform Sales Act, Illinois Rev. Stat. of 1947, Chap. 121½, and the contract was registered in the office of the Secretary of State of Illinois as therein required. This Act recognizes the validity of conditional sales contracts and specifically provides that no title can be passed by the purchaser of goods under such a contract without the consent of the owner "unless the owner of the goods is by his own conduct precluded from denying the seller's authority to sell." *Sherer-Gillett Co. v. Long,* 149 N.E. 225; *Gordon Motor Finance Co. v. Aetna Accept. Co.,* 261 Ill. App. 536. Under such agreement, title never passes to the purchaser but is reserved to the seller even though there is an actual delivery, the possession of the purchaser being the possession of the seller. *Ford Motor Co. v. Investment Co.,* 14 N.E. 2d 306. The rights of one who acquires title through the purchaser are subordinate to the rights of the original vendor under the conditional sale contract. *Sherer-Gillett Co. v. Long, supra; In re Abell,* 19 F. 2d 965.

This being true, plaintiff insists that its lien takes priority under the rule of comity. But comity is not permitted to operate within a State in opposition to its settled policy as expressed in its statutes, or so as to override the express provisions of its legislative enactments. *Applewhite Co. v. Etheridge,* 210 N.C. 433, 187 S.E. 588; *Ritchey v. Southern Gem Coal Corp.,* 12 F. 2d 605. Our Legislature in enacting our registration statutes, G.S. 47-20, 23, made no exception in favor of a conditional sale contract or chattel mortgage executed and effective in another State where the property embraced in such instrument is subsequently brought into this State.

However, the requirements of our statute have no application to personal property in transit through or temporarily within the State. It provides, in respect to personal property, that no mortgage shall be valid at law to pass any property as against creditors or purchasers for a valuable consideration from the donor, bargainor, or mortgagor but from the registration of such mortgage in the county where the donor, bargainor, or mortgagor resides; or in case the donor, bargainor, or mortgagor resides out of the State, then in the county *where the said personal*

*estate, or some part of the same, is situated.* G.S. 47-20; and the provisions as to mortgages apply to conditional sales contracts. G.S. 47-23.

"Where the said personal estate, or some part of the same, is situated" signifies something more than the mere temporary presence of the property within this State. "Situated" means having a site, situation or location; permanently fixed; located. Webster's New International Dictionary; *Oklahoma City v. District 'Ct.,* 32 P. 2d 318, 93 A.L.R. 489; *State Bank v. Nat. Bank,* 166 S.W. 499. See also 39 Words and Phrases, perm. ed., p. 350. "It connotes a more or less permanent location or *situs,* and the requirement of permanency must attach before tangible personalty which has been removed from the domicil of the owner will attain a *situs* elsewhere." *Brock & Co. v. Board of Supervisors,* 65 P. 2d 791, 110 A.L.R. 700; *Motor Sales, Inc. v. Lay,* 3 S.E. 2d 190; *Flora v. Motor Co.,* 193 P. 545; *Bankers' Finance Corp. v. Motor Co.,* 91 S.W. 2d 297; *C. I. T. Corp. v. Guy,* 170 Va. 16, 195 S.E. 659.

Brumer is admittedly a nonresident of this State, and the automobile was not situated in this State within the meaning of our registration statute. Hence there was no place in this State where the conditional sale contract could have been registered so as to give constructive notice to creditors and purchasers for value.

It would be manifestly unjust to hold that the mere crossing of the State line in the ordinary use of a mortgaged chattel subordinates the mortgage lien to other claims unless the mortgagee shall record his mortgage in every county in every State where the mortgagor is likely to go. Such a conclusion would create an intolerable situation and the attendant expense would be so burdensome that it would no doubt close the market for loans on motor vehicles.

It imposes less hardship to require a person who deals with another in respect to specific personal property to inquire where he lives than to compel the original vendor to foresee where he will take the chattel. *Acceptance Corp. v. Rogers,* 142 S.W. 2d 888. Indeed, he must ascertain the residence of the one in possession in order to determine where he must look for encumbrances.

The rule of justice and common sense, if not the rule of comity, compels the conclusion that, under the circumstances here disclosed, the lien of the conditional sale contract remains superior to those after acquired in this State by levy under execution. *Acceptance Corp. v. Rogers, supra; Finance Co. v. Motor Co., supra.* The lien of a mortgage or conditional sale contract validly executed and legally registered according to the laws of the State wherein the property was and the mortgagor resided will be recognized and enforced in this State against the claims of attaching creditors when the presence of such property in this State is of such a

temporary or transient nature that it has not come to rest in the State so as to acquire a *situs* here.　See H.B. 185, Session Laws of 1949.

Brumer owned only an equity of redemption.　That interest alone, as against plaintiff, was subject to sale under execution.　As said by *Stacy, J.* (now *C. J.*) in *Spence v. Pottery Co.,* 185 N.C. 218, 117 S.E. 32: "A judgment creditor, or even a purchaser at an execution sale, acquires no greater lien or interest in the property of the judgment debtor than the latter had at the time the judgment lien became effective."　The lien of the judgment or attaching creditor "is limited to and can rise no higher than the interest of the debtor; a stream cannot rise higher than its fountain.　A purchaser under an execution takes all that belongs to the debtor, and nothing more."　See also *Sherer-Gillett Co. v. Long, supra; General Motors Accept. Corp. v. U. S.,* 23 F. 2d 799.

"Where one of two persons must suffer loss . . . he who . . . by his negligent conduct made it possible for the loss to occur, must bear the loss," *Bank v. Liles,* 197 N.C. 413, 149 S.E. 377, is the underlying philosophy of the registration statute.　A mortgagee who negligently fails to record his mortgage and thereby induces or permits a creditor or purchaser to deal with the mortgagor in respect to the mortgaged property as if it was his own must suffer any resulting loss.　But here plaintiff has been guilty of no negligence.　Nor has appellant suffered any loss by virtue of the fact plaintiff's lien was not recorded in this State.　He is in exactly the same situation he was before execution was issued.　Hence, he is in no position to invoke the protection of the registration statute.

A careful examination of the original record in *Truck Corp. v. Wilkins,* 219 N.C. 327, 13 S.E. 2d 529, discloses that the opinion in that case is directly in point.　There the owner of the truck lived in Florida.　The plaintiff held a title retention note duly registered in that State.　The truck was brought to this State where it was seized under writs of attachment.　There is nothing in the record to indicate that the property had acquired a *situs* here.　We held that the lien of the title retention note was superior to the liens acquired by the attaching creditors.

The last paragraph in the opinion in that case was not material to the issue there presented.　In this connection it must not be understood we suggest that the rule would be different, as between the lien acquired by levy under execution or attachment on the one hand, and the lien of a duly registered conditional sale contract on the other, if the property had acquired a *situs* here.　We confine decision to the question presented and leave the other for its proper day.

For the reasons stated, the judgment below is

Affirmed.