CHARLES M. BRITT COMPANY, INC., A NORTH CAROLINA CORPORATION, AND CHARLES M. BRITT, INDIVIDUALLY, V. BAREFOOT & TATUM DRUGS, INC., A NORTH CAROLINA CORPORATION.

(Filed 13 October, 1954.)

**1. Appeal and Error § 8—**

The theory of trial as fixed by the stipulations of the parties will be followed on appeal.

**2. Bills and Notes § 19½—**

This action was instituted by plaintiffs to recover for checks belonging to them which defendant cashed for the bookkeeper of the corporate plaintiff after the bookkeeper had forged endorsements of the payees. *Held:* Defendant's allegation that plaintiffs entrusted the checks to the bookkeeper, without more, fails to charge negligence on the part of plaintiffs proximately contributing to the cashing of the checks by defendant.

**3. Same—**

This action was instituted by plaintiffs to recover for checks belonging to them which defendant cashed for the bookkeeper of the corporate plain-

tiff after the bookkeeper had forged endorsements of the payees. *Held:* Allegations that the bookkeeper had forged numerous other checks is insufficient to charge negligence on the part of plaintiffs when it is not alleged whether these other forgeries were committed before or after those sued on, wherein plaintiffs were negligent in supervising the bookkeeper, or that there was any causal connection between failure to detect the other forgeries and the losses sued on. Nor would testimony of the plaintiffs' witnesses, mainly that adduced on cross-examination, be sufficient to establish negligence in this respect on the part of plaintiffs.

APPEAL by plaintiffs from *Dan K. Moore, J.,* and a jury, at July Term, 1954, of BUNCOMBE.

Civil action to recover for certain checks belonging to the corporate plaintiff, obtained by the defendant and collected by it on forged endorsements.

The plaintiffs alleged and offered evidence tending to show that the corporate plaintiff operates a grocery brokerage business in the City of Asheville; that between 3 August, 1951, and 16 October, 1951, eleven customer checks totaling $570.54 belonging to the corporate plaintiff, some payable to its order, others to the order of the individual plaintiff, but all the property of the corporate plaintiff, were wrongfully appropriated by its bookkeeper, one Phillip W. Bennett, who forged the signature of the named payees and presented each check to the defendant, who accepted them and paid over the face amount of each to Bennett, who in turn appropriated the proceeds to his own use.

Thereafter the checks were endorsed by the defendant and deposited in one of its depository banks in Asheville, following which the checks "promptly cleared" through banking channels and the defendant received and retained cash or credit for the full, face amount of the checks.

The defendant by way of affirmative defense attempted to allege negligence on the part of the plaintiffs in bar of recovery.

The case was submitted to the jury on these issues:

"1. Were the endorsements on the checks which were introduced in evidence forged by Phillip W. Bennett, as alleged in the complaint?

"2. Were the checks cashed by the defendant for Phillip W. Bennett and credit or cash received thereon from the bank by the defendant, as alleged in the complaint?

"3. Did the negligence of the plaintiffs proximately contribute to the cashing of the checks, as alleged in the answer?

"4. What amount, if any, is the defendant indebted to the plaintiffs?"

By stipulation of the parties it was agreed that the answer to the first and second issues would be "Yes," and that if the jury should answer the third issue "No," the fourth issue should be answered by consent "$570.54, with interest from November 19, 1951."

Each of the first three issues was answered "Yes" and the fourth "Nothing."

From judgment entered on the verdict, the plaintiffs appealed, assigning errors.

*Lee & Marler for plaintiffs, appellants.*
*George Pennell for defendant, appellee.*

JOHNSON, J.   The stipulations of the parties charted the course of the trial and established the alleged acts of forgery so as to entitle the corporate plaintiff to recover the face amount of the forged checks (50 Am. Jur., Stipulations, Sec. 9; 7 Am. Jur., Banks, Sec. 697; Annotations: 31 A.L.R. 1068, 67 A.L.R. 1535), unless the right of recovery was defeated by the defendant's plea in bar based on negligence of the plaintiffs. The plea in bar was submitted to the jury under the third issue. It was resolved against the plaintiffs. Necessarily, then, since the appeal follows the theory of the trial as fixed by the stipulations (*Thrift Corp. v. Guthrie* 227 N.C. 431, 42 S.E. 2d 601; *Lyda v. Marion,* 239 N.C. 265, 79 S.E. 2d 726), we are concerned here only with the rulings below which relate to the defendant's plea in bar.

The validity of this plea was challenged by the plaintiffs at every crucial procedural stage of the proceedings below—first by demurrer *ore tenus,* next by objection and exception to the submission of the third issue, and finally by motion for directed verdict on the issue. The plaintiffs thus challenged (1) the sufficiency of the defendant's further answer to state a valid defense or plea in bar, and (2) the legal sufficiency of the evidence to support a verdict in favor of the defendant.

In gist, the defendant alleges: (1) that the plaintiffs were negligent in reposing confidence in bookkeeper Bennett by entrusting to him the handling of checks, and (2) that over a long period of time Bennett not only forged the checks here sued on but numerous others running into thousands of dollars, and that the plaintiffs should have discovered "these acts and omissions," and that their failure to do so was negligence barring recovery.

The allegation that the plaintiffs entrusted the company's checks to bookkeeper Bennett, without further averment, falls short of charging negligence.  *California Stucco Co. v. Marine Nat. Bank,* 148 Wash. 341, 268 P. 891, 67 A.L.R. 1531.  See also Annotations: 31 A.L.R. 1068 and 67 A.L.R. 1535; *Shives v. Sample,* 238 N.C. 724, 79 S.E. 2d 193.

Next, as to the allegation that Bennett forged numerous other checks, it is nowhere alleged (1) whether these acts were committed before or after those here complained of, (2) wherein the plaintiffs were negligent

in supervising Bennett, or (3) that there was any causal connection between a failure to detect the other forgeries and the losses here sued on.

It necessarily follows that the challenged pleading fails to state facts sufficient to constitute a defense. The plaintiffs' demurrer *ore tenus* should have been sustained. The court below erred in overruling it.

In this view of the case we do not reach for decision the question of the sufficiency of the evidence to support the verdict in favor of the defendant on the third issue. Suffice it to say the defendant offered no evidence in support of the plea. It rested its defense upon the testimony of the plaintiffs' witnesses—mainly that adduced on cross-examination. This was wholly insufficient to establish negligence in bar of recovery.

The judgment below will be vacated, the verdict on the third and fourth issues set aside, and the cause remanded to the court below for further proceedings in conformity to law and the decision here reached.

Error and remanded.