THE FRANKLIN NATIONAL BANK v. SUDIE JEWELL RAMSEY; ROCKY MOUNT MOTORS, INC., and PLANTERS NATIONAL BANK & TRUST COMPANY.

(Filed 13 April, 1960.)

1. **Chattel Mortgages and Conditional Sales § 9—**

   The general common law rule of comity protecting the lien of a chattel mortgage or conditional sale contract duly executed and registered in another state upon the removal of the property to this State is subject to statutory modification by the laws of this State.

2. **Same—**

   Where a conditional sale contract is not registered in the state in which the conditional sale was made until after the vehicle had been brought into this State, a *bona fide* purchaser without notice from the conditional sale vendee acquires title free from the lien of the conditional sale contract, irrespective of whether the vehicle acquired a *situs* here. G.S. 44-38.1(a), (b), (c).

3. **Same—**

   Where a vehicle subject to a conditional sale contract executed in another state is brought into this State prior to the registration of the conditional sale contract in such other state, the fact that the conditional sale contract is thereafter registered in such other state within the time permitted by its laws, which provide that upon such registration the lien should relate back to the date of sale, cannot have the effect of rendering the lien of such conditional sale binding in this State contrary to the provisions of G.S. 44-38.1.

4. **Courts § 20—**

   Comity will not be applied in this State when contrary to unambiguous provisions of our statutes.

5. **Sales § 12—**

   Where personalty is acquired by a *bona fide* purchaser for value without notice, who thus obtains good title, every subsequent purchaser from him is entitled to the same protection, irrespective of notice, unless he was a former purchaser of the same property with notice.

APPEAL by plaintiff from *Bone, J.,* Second September Civil Term, 1959, of NASH.

Civil action for possession of an automobile, claimed under a conditional sale contract executed in the State of New York.

The parties waived jury trial, G.S. 1-184, and stipulated certain facts to be "considered by the Court to the same extent as if the facts had been found by the jury upon proper evidence." It was stipulated further: "Each party hereto reserves the right to introduce parol and other evidence not in contradiction of the above stipulations." The only testimony was given by John D. Langley, Jr., and John D. Lang-

ley, Sr., Vice-President and President, respectively, of defendant Rocky Mount Motors, Inc., who were called and examined by plaintiff as adverse witnesses.

Judgment was based on these findings of fact:

"1. That on June 11, 1957, Harry Levine bought from Bast Chevrolet, Inc., of Wantagh, N. Y., the Chevrolet automobile described in the complaint and, on the same date, to secure the balance of the purchase price executed and delivered to said company a conditional sales contract upon which there is a balance due of $2,577.92 as of January 22, 1958.

"2. That the said conditional sales contract was transferred and assigned by Bast Chevrolet, Inc. to the plaintiff, a New York banking corporation having a place of business at 41 Front Street, Rockville Centre, N. Y., and plaintiff is the owner and holder of the said instrument.

"3. That at all times material to this action Harry Levine was a resident of 155 Newport Street, Brooklyn, N. Y., and at 12:01 P. M. on June 14, 1957, the said conditional sales contract was filed for record in the Office of the New York City Registrar, Kings County, which was the proper office for the registration in the State of New York of conditional sales contracts executed by persons residing at 155 Newport Street, Brooklyn, N. Y.

"4. (That on June 13, 1957, Harry Levine brought the said Chevrolet automobile into the State of North Carolina for the purpose of selling same to the defendant Rocky Mount Motors, Inc.), and at about the hour of 8:00 o'clock a.m. on June 14, 1957, the said defendant purchased the same from him for a valuable consideration and without any knowledge or notice of the existence of the aforesaid conditional sales contract.

"5. That defendant Rocky Mount Motors, Inc. is a North Carolina corporation which has had its place of business in Nash County, N. C. continuously since 1947, and at all times material to this action has been engaged in the business of buying and selling automobiles.

"6. That defendant Rocky Mount Motors, Inc. kept said automobile at its place of business in Nash County, North Carolina, from June 14, 1957, until July 15, 1957, when it sold and delivered the same for a valuable consideration, to the defendant Susie Jewell Ramsey, with warranty of title.

"7. That on July 15, 1957, defendant Susie Jewell Ramsey executed to defendant Planters National Bank & Trust Company a chattel mortgage on said automobile securing the sum of $2,293.50,

which said instrument was duly recorded in the Office of the Register of Deeds of Nash County on January 9, 1959, and there is still due some amount on same.

"8. That defendant Susie Jewell Ramsey, at all times material to this action, has been a resident of Nash County, North Carolina, and has kept said automobile at her place of residence.

"9. That on July 15, 1957, defendant Rocky Mount Motors, Inc. executed an Owner's Application for Certificate of Title for said automobile showing that it purchased same from said Harry Levine on June 14, 1957, and there were no liens on it.

"10. That on July 15, 1957, defendant Susie Jewell Ramsey signed an Owner's Application for Certificate of Title for said automobile showing that she purchased same on the same date from Rocky Mount Motors, Inc., and that Planters National Bank & Trust Company had a lien thereon for $2,293.50. ·

"11. That both of the aforesaid applications were filed with the Department of Motor Vehicles of North Carolina at the same time and on July 22, 1957, said agency issued a certificate of title to defendant Susie Jewell Ramsey for said automobile showing said lien in favor of defendant Planters National Bank & Trust Company.

"12. That this action was commenced on October 7, 1958, and on the same date a writ of claim and delivery was issued and pursuant thereto the Sheriff of Nash County seized the said automobile but returned same to defendant Susie Jewell Ramsey upon her giving a replevin bond as required by law.

"13. That the plaintiff's said conditional sales contract was recorded in the Office of the Register of Deeds of Nash County on April 30, 1959.

"14. That the value of said automobile at the time it came into the possession of defendant Rocky Mount Motors, Inc., and, also, at the time it came into possession of defendant Susie Jewell Ramsey was $2,250.00. Its value at time of seizure under the writ of claim and delivery was $1,750.00.

"15. That on June 13, 1957, Harry Levine brought the said automobile into this State (with intent that it be permanently located in the State, within the meaning of G.S. 44-38.1, and on said date it acquired a situs in this State.)

("16. That, irrespective of whether Harry Levine brought said automobile into this State with the actual intent that it be permanently located in the State, the Court finds that it had acquired a situs in this State on August 14, 1957, after it had been kept here by defendants for two consecutive months.)

"17. That plaintiff's conditional sales contract was not registered in the State of New York at the time it was brought into North Carolina by Harry Levine as aforesaid.

"18. That plaintiff's conditional sales contract was not registered in this State within ten days from the date it had knowledge that said automobile had been brought into this State as aforesaid.

"19. That plaintiff's conditional sales contract was not registered within four months after said automobile was brought into this State as aforesaid."

Plaintiff excepted: (1) to the portions of the findings of fact indicated by parentheses; (2) to the failure to include in finding of fact #6 a finding "that the automobile was not licensed by Rocky Mount Motors, Inc., and was kept and used only for demonstration purposes and for the purpose of sale"; (3) to the failure to include in finding of fact #17 a finding "that the laws of the State of New York (in effect) dates the registration back to the date of the contract, which was June 11, 1957"; and (4) to all of the court's conclusions of law.

It was adjudged that plaintiff recover nothing; that defendants go without day; that the sureties on the replevin bond be discharged; and that the plaintiff pay the costs.

Plaintiff excepted, appealed and assigned errors.

*L. L. Davenport and Roy A. Cooper, Jr., for plaintiff, appellant.*
*T. A. Burgess for defendant Sudie Jewell Ramsey, appellee.*
*W. S. Wilkinson for defendant Rocky Mount Motors, Inc., appellee.*
*Calvin W. Bell for defendant Planters National Bank & Trust Company, appellee.*

BOBBITT, J. The briefs deal largely with whether the stipulated facts and testimony suffice to support Judge Bone's findings of fact to the effect that the automobile acquired a situs in this State within the meaning of Sections (a) and (b) of G.S. 44-38.1 (1959 Cumulative Supplement). In this connection, see *Finance Co. v. O'Daniel,* 237 N.C. 286, 74 S.E. 2d 717. The basis of decision, stated below, renders consideration and discussion of this question unnecessary.

In *Truck Corp. v. Wilkins,* 219 N.C. 327, 13 S.E. 2d 529, it was held that title retention contracts, properly executed, registered and indexed in the State of Florida, on personal property then located therein, had priority over the liens of attachments subsequently issued against the same property in this State. The basis of decision is stated by *Schenck, J.,* as follows: "The general rule of comity, in the absence of a modifying statute, protects the lien of a retention title

contract or chattel mortgage on personal property duly registered and indexed in the State wherein it was executed and the property was then located, after the removal thereof to another state without registration in the latter state." Also, see *Applewhite Co. v. Etheridge,* 210 N.C. 433, 187 S.E. 588; *Thrift Corp. v. Guthrie,* 227 N.C. 431, 42 S. E. 2d 601.

Under Chapter 1190, Session Laws of 1953, now codified as G.S. 47-20 in the 1959 Cumulative Supplement, "No . . . conditional sales contract of personal property in which the title is retained by the vendor, shall be valid to pass any property as against . . . purchasers for a valuable consideration from the . . . conditional sales vendee, *but from the time of registration thereof* as provided in this Article." (Our italics) The 1953 Act, in substance, consolidated the provisions theretofore included in two statutes, to wit, G.S. 47-20 and G.S. 47-23 in G.S., Vol. 2A, recompiled in 1950. These statutes, in respect of conditional sales contracts, modified the rule of the common law. *Finance Corp. v. Quinn,* 232 N.C. 407, 61 S.E. 2d 192; *Credit Corp. v. Walters,* 230 N.C. 443, 53 S.E. 2d 520.

While G.S. 47-20 and G.S. 47-23 (G.S., Vol. 2A, recompiled 1950) did not relate expressly to a factual situation involving property moved into this State when subject to a chattel mortgage or conditional sale contract properly executed and filed for registration in the state from which the property was removed, the question was raised as to whether these statutes required registration in this State in the event the property *came to rest* or *acquired a situs* in this State. *Thrift Corp. v. Guthrie, supra; Discount Corporation v. McKinney,* 230 N.C. 727, 55 S.E. 2d 513.

The cases heretofore cited, except *Finance Corp. v. O'Daniel, supra,* were either decided or related to factual situations occurring prior to the enactment of Chapter 1129, Session Laws of 1949, thereafter codified as G.S. 44-38.1 (G.S., Vol 2A, recompiled 1950), which provided: "No mortgage, deed of trust, or other encumbrance created upon personal property while such property is located in another state is or shall be a valid encumbrance upon said property which has been, or may be, removed into this State as to purchasers for valuable consideration without notice to *(sic)* creditors, unless and until such mortgage, deed of trust, or other encumbrance is or was actually registered or filed for registration in the proper office in the state from which same was removed."

Chapter 251, Session Laws of 1951, effective July 1, 1951, provides in Section 1 thereof: "Chapter 1129 of the Session Laws of 1949 is hereby amended by rewriting Section 1 to read as follows:" The

1951 Act then sets forth the provisions which, as amended, are now codified in the 1959 Cumulative Supplement to the General Statutes as G.S. 44-38.1.

If the automobile here involved acquired a situs in this State within the meaning of Sections (a) and (b) of G.S. 44-38.1, plaintiff's conditional sale contract would be valid as against a purchaser for a valuable consideration from the conditional sale vendee "only upon fulfilling all of the following conditions: (1) That such encumbrance was properly registered in the state where such property was located prior to its being brought into this State; and (2) That such encumbrance is properly registered in this State within ten days after the mortgagee, grantee in a deed of trust, or conditional sale vendor has knowledge that the encumbered property has been brought into this State; and (3) That such registration in this State in any event takes place within four months after encumbered property has been brought into this State." The stipulations and unchallenged findings of fact disclose that plaintiff's conditional sale contract did not fulfill these conditions.

On the other hand, if the automobile did not acquire a situs in this State within the meaning of Sections (a) and (b) of G.S. 44-38.1, as plaintiff contends, Section (c) of G.S. 44-38.1 applies. Section (c) provides: "When personal property covered by a deed of trust, mortgage or conditional sale contract is brought into this State and no situs is acquired in this State, the encumbrance is valid as against lien creditors of, or purchasers for valuable consideration from, the grantor, mortgagor or conditional sale vendee only from the date of due registration of such encumbrance in the proper office in the state from which the property was brought."

When Rocky Mount Motors, Inc., purchased the automobile from Levine, the conditional sale vendee, for a valuable consideration, plaintiff's conditional sale contract had not been filed for registration in the State of New York.

Section 65 of the New York Personal Property Law provides: "Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or copy thereof shall be filed as hereinafter provided, unless such contract or copy is so filed within ten days after the making of the conditional sale. This section shall not apply to conditional sales of goods for resale." Plaintiff contends that, since it was filed for registration within the ten-day period, the conditional sale contract must

be treated as filed for registration *as of* the date of the execution thereof.

It is noted that the quoted New York statute contains the provisions of Section 5 of the Uniform Conditional Sales Act. (The last sentence appears only in the New York statute.) 2 Uniform Laws Annotated 6.

While, in respect of transactions within the State of New York, the quoted New York statute may provide absolute protection to a conditional sale vendor for a period of ten days after the making of the contract as against a person who purchases for a valuable consideration from the conditional sale vendee within the ten-day period, this provision of the New York statute is not controlling in North Carolina if in conflict with G.S. 44-38.1.

". . . comity is not permitted to operate within a State in opposition to its settled policy as expressed in its statutes, or so as to override the express provisions of its legislative enactments." *Credit Corp. v. Walters, supra; Discount Corporation v. McKinney, supra;* 13 A. L.R. 2d 1312, 1341 *et seq.*

Under Section (b) (1) of G.S. 44-38.1, a conditional sale contract is valid against a purchaser for a valuable consideration from the conditional vendee only if "properly registered in the state where such property was located *prior to its being brought into this State."* (Our italics) Under Section (c) of G.S. 44-38.1, a conditional sale contract is valid as against a purchaser for a valuable consideration from the conditional sale vendee "only from the date of due registration of such encumbrance in the proper office in the state from which the property was brought." Under G.S. 47-20, a conditional sale contract is not valid as against a purchaser for a valuable consideration from the conditional sale vendee "but from" the registration thereof as provided therein. Our registration statutes contemplate that a purchaser for a valuable consideration from a conditional sale vendee acquires title free and clear of an unrecorded conditional sale contract.

The provisions of G.S. 44-38.1, in this respect, modify and supersede the general rule of comity; and Rocky Mount Motors, Inc., having purchased for a valuable consideration from the conditional sale vendee before the conditional sale contract was *actually* filed for registration in New York, acquired title from the conditional sale vendee free and clear of the then unrecorded conditional sale contract.

Since the other defendants derive their title from Rocky Mount Motors, Inc., it follows that plaintiff may not enforce its conditional sale contract as against them. "After property has passed into the hands of a *bona fide* purchaser, every subsequent purchaser stands in

the shoes of such *bona fide* purchaser and is entitled to the same pro-
tection as the *bona fide* purchaser, irrespective of notice, unless such
purchaser was a former purchaser, with notice, of the same property
prior to its sale to the *bona fide* purchaser." 77 C.J.S. Sales § 296 (d),
quoted with approval by *Ervin, J.,* in *Motor Co. v. Wood,* 238 N.C.
468, 475, 78 S.E. 2d 391.

Frequently, in cases of this kind, loss falls upon an innocent vic-
tim, either the owner of the conditional sale contract or the purchaser
for a valuable consideration from the conditional sale vendee. Their
respective legal rights must be determined in accordance with the pro-
visions of G.S. 44-38.1.

For the reasons stated, the judgment of Judge Bone is affirmed.

Affirmed.